■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN SOSA, Appellant.—Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered March 11, 1987, convicting defendant, after a jury trial, of rape in the third degree (Penal Law § 130.25 [2]), and sentencing him to five years' probation, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was indicted in March 1986 for the crimes of rape in the first degree, rape in the second degree, and incest, which crimes allegedly occurred in November 1985. Complainant, the 14-year-old daughter of defendant's half sister, reported the alleged acts upon learning that she was pregnant in March 1986. Prior to the submission of the case to the jury, the court dismissed the charge of incest. Defendant was found guilty of statutory rape and acquitted of forcible rape.

Complainant testified, in pertinent part, that she had stayed overnight in defendant's apartment following a family gathering held there on Thanksgiving Day, November 28, 1985. According to her testimony, complainant was asleep on the living room couch at 4:00 or 5:00 A.M., when defendant left the bedroom he shared with his wife, entered the living room, and forcibly engaged in sexual intercourse with her.

During her testimony, complainant was permitted to tell

the jury, over defense objections, that defendant had previously raped her on his birthday in 1984, and that she had never told anyone about it because he had threatened to kill her if she did so. In its instructions to the jury, the trial court charged that evidence of the prior rape had been introduced for the sole purpose of showing why the complainant "did not make an immediate outcry after the incident or waited until sometime in March of 1986 to make a disclosure of this particular act of November '85."

It is well settled that evidence of uncharged crimes, generally excluded because of the "human tendency more readily 'to believe in the guilt of an accused person when it is known or suspected that he has previously committed a similar crime' ", may be admitted when it is probative of a material issue relating to the crime charged *(People v Ventimiglia,* 52 NY2d 350, 359, quoting *People v Molineux,* 168 NY 264, 313), but only if its probative value outweighs its potential prejudice. *(People v Allweiss,* 48 NY2d 40, 47.) Thus, where "evidence is actually of slight value when compared to the possible prejudice to the accused, it should not be admitted, even though it might technically relate to some fact to be proven". *(Supra,* at 47.)

Applying these principles to the case at bar, we conclude that the prejudicial impact of the testimony regarding defendant's alleged rape of the complainant in 1984 was so substantial as to overcome any probative value that it may have offered regarding complainant's failure to make an immediate outcry. Indeed, such evidence was superfluous in light of the complainant's testimony that she had not immediately reported the 1985 rape, which was the subject of the trial, because during its commission defendant had threatened that he would kill her if she told her mother. Nor would "[h]er allegations concerning defendant's prior actions * * * render her testimony pertaining to the charged crime more trustworthy [since] a witness cannot buttress her own testimony by making further unsubstantiated accusations". *(People v Lewis,* 69 NY2d 321, 328.)

For these reasons, it was error for the trial court to have permitted the testimony of the alleged prior rape, and the judgment is accordingly reversed and the matter remanded for a new trial. Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Smith, JJ.