OPINION OF THE COURT
Phylis Skloot Bamberger, J.
The defendant pleaded guilty to a superior court information charging assault in the second degree and on April 6, 1989, was sentenced to an intermittent term of incarceration for weekends over six months and probation. At the time of sentence, the court discussed with counsel the last paragraph of the presentence report, mandatory for felony sentencing *127 (People v Villegas, NYLJ, Apr. 27, 1989, at 21, col 3 [1st Dept]), which concluded that "Because of her willingness to use extreme measures which had possible fatal consequences to the complainant, it is now questionable if defendant can refrain from extreme violence in the future whenever she feels she is sufficiently provoked.” The court found that conclusion to be unjustified by the remainder of the report, as well as other observations made during the course of the proceedings. Believing that the conclusion should not be used to make a sentencing or custodial decision, the court invited counsel to file a motion to strike the paragraph. Counsel did so, and the motion is granted and the paragraph is stricken from all copies of the presentence report. Copies of this order will be served on the Department of Correction and the Department of Probation, which are directed to notify the court that they have complied with the order by deleting the paragraph.
The defendant admitted shooting her husband with a shotgun, severely wounding him. This, however, is not the whole story as is reflected by the presentence report itself. The report notes that the defendant claimed her husband professed love for her resulting in their marriage; that defendant petitioned the Immigration and Naturalization Service for permanent resident status for her husband because he was an illegal alien; that when he received his papers he confessed the marriage was a hoax and admitted he had a paramour and two children; and, finally, that he abused her.
The report neither explicitly nor implicitly refers to any efforts to confirm or refute the assertions by the defendant. Rather, the probation officer who prepared the report uses language that connotes disbelief of the defendant’s statement. It is difficult to understand that attitude in light of the rest of the report which acknowledges the defendant’s small stature, her quite normal and law-abiding family and personal background with no involvement in the law, and her remorse at what she did. Further, the defendant’s statement disclosures a scenario which is familiar and far more frequent than would be hoped.
This court will not speculate as to the motivation, for the conclusion made in the report. Rather, this court relies upon the principle that a decision may be based only on reliable evidence and reliable inferences drawn from such evidence. This has been the unwavering theme of our State’s judicial opinions. Resolution of many procedural and evidentiary is-
*128 sues has a primary consideration maximizing fact-finding reliability. Several examples will suffice.
The Court of Appeals can determine that as a matter of law, the testimony of a single witness is so inconsistent that it does not justify a guilty verdict. (People v Stewart, 40 NY2d 692, 699 [1976]; see also, People v Foster, 64 NY2d 1144, cert denied 474 US 857 [1985]; People v Reed, 40 NY2d 204 [1976].) The Appellate Divisions, when reviewing convictions, must examine not only sufficiency, but also weight of the evidence to determine if guilt is established. (CPL 470.15 [5]; People v Bleakley, 69 NY2d 490 [1987].) The Appellate Division can reverse if there is an inconsistency between a verdict and a trial court’s belief that the defendant is innocent. (People v Kidd, 76 AD2d 665, 668 [1st Dept 1980].)
The goal of reliable fact finding through cross-examination is the basis for preclusion or reversal (People v Ranghelle, 69 NY2d 56, 63 [1986]) when Rosario material is delayed or is not delivered. (People v Rosario, 9 NY2d 286, 289 [1961].) The strict limitation on prior act evidence even where it is somewhat relevant (People v Alvino, 71 NY2d 233, 241-242 [1987]), is to force the jurors to rely on evidence of the crime charged to make their decision. (See, e.g., People v Sosa, 145 AD2d 306 [1st Dept 1988]; People v Ortiz, 142 AD2d 248 [1st Dept 1988].) Jurors are instructed that an expert opinion may be disregarded if the underlying factual or hypothetical basis for that opinion is flawed or the expert’s opinion does not logically flow from the premises used to reach it.
This last example, the necessary justification for an expert’s opinion, provides an analogy for the court’s evaluation of a probation officer’s inference. Here, there is no evidence to support the probation officer’s conclusion and it should not be used for sentencing and correctional decisions. Due process requires that sentencing decisions be based on reliable fact finding, just as decisions to determine guilt. (Townsend v Burke, 334 US 736 [1948]; United States v Pugliese, 805 F2d 1117, 1124 [2d Cir 1986].) The period of custody and the conditions of custody and probation have such a severe impact on the individual that they must be determined based on reliable information and the reliable inferences drawn therefrom. (See, Morrissey v Brewer, 408 US 471, 484 [1972].)
This court concluded that the above-quoted portion of the report should not be used for sentence, and now further concludes that it should not be available for corrections pur *129 poses. It will prejudice the defendant in her periods of custody and in the future while on probation. Accordingly, the requested relief is granted and the Probation Department and the Department of Correction are directed to advise the court in writing that they have physically deleted the paragraph from the report.