■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KENNEDY, Appellant.—Judgment unanimously af-

firmed. Memorandum: Defendant was convicted of sodomizing and then stabbing to death nine-year-old Melody Wilson. Following a bench trial, the court rejected defendant's evidence that he lacked criminal responsibility by reason of mental disease (Penal Law § 40.15) and convicted him as charged. We reject defendant's argument on appeal that the conviction for intentional murder is against the weight of the evidence. There was conflicting expert testimony on the issue of defendant's mental state at the time of the crimes and the trier of fact is in the best position to resolve credibility issues (see, People v Gruttola, 43 NY2d 116, 122). Here, although a different finding might not have been unreasonable, upon our review of the record we cannot conclude that the trier of fact failed to give the evidence the weight it should be accorded (see, People v Bleakley, 69 NY2d 490, 495).

We further reject defendant's argument that he was denied the effective assistance of counsel because his assigned attorney, to whom defendant confessed on the day after the murder, contacted police with information designed to help them find the little girl, who defendant indicated might still be alive. Any possible conflict was eliminated when the court suppressed all statements made by defendant to the attorney and his investigator, as well as all statements made by the attorney attributed to defendant, and the People agreed not to call the attorney as a witness or mention his involvement in the investigation when questioning other trial witnesses. Defendant was advised of a possible conflict early on and stated on several occasions that he wanted to continue to be represented by his assigned attorney. Moreover, the court appointed another defense attorney to act as cocounsel. This attorney provided conflict-free representation and never objected to the other attorney continuing his joint representation of defendant. Under these circumstances, we find that defendant received effective assistance.

Defendant was sentenced to serve an indeterminate term of 25 years to life on his conviction for murder in the second degree. Given the tragic results of defendant's conduct, we decline to disturb the discretion of the sentencing court. (Appeal from judgment of Erie County Court, McCarthy, J.—murder, second degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lowery, JJ.