■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS DIAZ, Appellant.—Judgment of the Supreme Court, New York County (Juanita Bing Newton, J., at hearing, trial and sentence), rendered June 16, 1988, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and sentencing him, as a predicate felon, to an indeterminate sentence of from 4½ to 9 years, unanimously affirmed.

On December 2, 1987, Undercover Officer Davis observed a woman putting vials in her pocket as she left an apartment at 350 East 119th Street. Upon entering the apartment by walking past the front door, which was off its hinges and propped to one side, Davis saw defendant standing over a table that was strewn with empty vials, heating a liquid mixture in a spoon over an open flame. Davis asked defendant where he could get some cocaine and if defendant had any. Davis testified that he gave defendant $10 for a vial. Defendant denied taking the money and claimed that he left the cocaine on the table because it wasn't "heating up right." The undercover officer left and, upon reaching his car, sent a radio transmission to his backup team giving defendant's description. When arrested, no prerecorded buy money was recovered from defendant.

During a recess at the *Wade* hearing, held before trial, Detective Bose overheard defendant talking on a pay phone. Defendant was heard to say that the People were not going to be able to prove their case because he had hidden the buy money in the apartment.

Upon this appeal, defendant argues that his conviction was based on incredible testimony by the police officers, and that therefore his guilt was not proven beyond a reasonable doubt. This contention raises two issues—legal sufficiency and weight of the evidence—each governed by its own standard of review. To determine if the jury verdict was supported by sufficient evidence, the appellate court "must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" *(People v Bleakley,* 69 NY2d 490, 495). The court must then determine whether the

verdict was supported by the weight of the evidence. "If based on all the credible evidence a different finding would not have been unreasonable, then the appellate court must, like the trier of fact below 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " *(People v Bleakley, supra,* at 495).

It was reasonable for the jury to come to the conclusion that the undercover officer gave defendant $10 for a vial of cocaine, thereby proving the elements of criminal sale of a controlled substance in the third degree and establishing the legal sufficiency of the evidence. After reviewing the conflicting testimony, we find that any inconsistencies are not of such consequence as to render the verdict unsupported by the weight of the evidence. The jury was given instructions regarding the use of discrepancies in evaluating the credibility of the witnesses and the weight to be given to their testimony. "Great deference is accorded to the factfinder's opportunity to view the witnesses, hear the testimony and observe demeanor" *(People v Bleakley, supra,* at 495). Concur—Ross, J. P., Asch, Kassal, Wallach and Rubin, JJ.