■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY ANDERSON, Appellant.—Judgment, Supreme Court, New York County (William Davis, J., at suppression hearing, plea and sentence), rendered on April 29, 1988, convicting defendant of criminal possession of a weapon in the third degree and sentencing him, as a second violent felony offender, to an indeterminate term of 2½ to 5 years' imprisonment, unanimously affirmed.

Defendant was arrested after police officers allegedly observed him displaying a gun to another individual on 147th Street near St. Nicholas Avenue in Manhattan. According to the arresting officers, defendant repeatedly stated, both in transit to the precinct and at the station house, after having received *Miranda* warnings, that he was merely transporting the gun for a friend. Defendant has denied having held the gun in plain view, or having made any admission to the police. Defendant's version of the event is that he had been seized and subjected to a search without any lawful predicate whatsoever.

Defendant's motion to suppress the gun and the alleged statements was denied after a hearing, on a finding by the suppression court that the testimony of the arresting officer was credible, and that defendant's testimony was incredible. Defendant now challenges the suppression court's conclusions. This court has repeatedly held that the trier of fact is in the best position to determine issues of credibility *(People v Diaz,* 163 AD2d 147).

On this record, we discern no basis for departing from this general rule, since the suppression court's ruling was rationally supported by the evidence, and can in no way be viewed as manifestly erroneous. Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ.