■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES MCDANIEL, Respondent.—Order unanimously affirmed for reasons stated in decision at Supreme Court, Kasler, J. (Appeal from Order of Supreme Court, Erie County, Kasler, J.—Vacate Judgment.) Present—Denman, P. J., Callahan, Balio, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SIMS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder in the second degree (Penal Law § 125.25 [1]) for intentionally causing the death of a fellow inmate at the Attica Correctional Facility by stabbing him in the left eye with a "shank". The victim died in the hospital eight days after the stabbing. The medical examiner testified that the cause of death was a "stab wound through the left orbit, complicated by bronchopneumonia".

There is no merit to defendant's argument that the evidence was legally insufficient to establish that he caused the victim's death. The record establishes that the defendant's actions in stabbing the victim were an actual contributory cause of death, in the sense that they " 'forged a link in the chain of causes which actually brought about the death' " (Matter of Anthony M., 63 NY2d 270, 280; People v Stewart, 40 NY2d 692, 697). Here, unlike People v McCart (157 AD2d 194, lv denied 76 NY2d 861), relied on by defendant, the prosecutor's use of the "chain of causes" language in questioning his medical expert was not objected to and, in any event, did not impermissibly intrude upon the province of the jury.

Weighing the relative probative force of the conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (see, People v Bleakley, 69 NY2d 490, 495), we conclude that the verdict is supported by the weight of the evidence. Although there was conflicting evidence whether defendant was the person who stabbed the victim, the jury found the People's witnesses to be credible. Great deference must be accorded the fact-finder's opportunity to view the witnesses, hear the testimony and observe their demeanor (People v Bleakley, supra, at 495). (Appeal from Judgment of Wyoming County Court, Dadd, J.—Murder, 2nd Degree.) Present—Denman, P. J., Callahan, Balio, Lawton and Davis, JJ.