■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL SOLIS, Appellant.—Judgment, Supreme Court, New York County (Howard E. Bell, J.), rendered May 24, 1988, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a prison term of 8 to 24 years, unanimously affirmed.

Upon reviewing the circumstantial evidence in this case in the light most favorable to the People, we find that it was legally sufficient to exclude to a moral certainty every reasonable hypothesis of innocence *(People v Kennedy,* 47 NY2d 196, 202). The record reveals that defendant was alone in the bedroom with his four-month old daughter when she cried out only once, and that within an hour the infant's mother came out of the bedroom carrying the unconscious infant in her arms and screaming "my baby is dying". Upon arrival at the hospital, the infant was unresponsive to all stimuli and dependent on a ventilator for breathing. The People's medical evidence established beyond a reasonable doubt that the infant's death resulted from a skull fracture caused by a physical blow to her head. The medical examiner concluded that the skull fracture was most likely caused by a human fist, and that defendant's fist matched some of the marks on the child's forehead. The jury simply had no basis to conclude that the baby's death could be attributed to any other cause, including a respiratory illness or shaken baby syndrome. Consequently, the jury's determination should not be disturbed *(People v Bleakley,* 69 NY2d 490). Furthermore, the admission of testimony that the infant was buried by the City because nobody claimed the body did not deprive defendant of a fair trial, the court having instructed the jury that such testimony was stricken and was not to be considered *(see, People v Davis,* 58 NY2d 1102). Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.