■ The People of the State of New York, Respondent, v Dexter Joseph, Appellant. [616 NYS2d 733] —Judgment, Supreme Court, New York County (Richard T. Andrias, J.), rendered March 20, 1991, convicting defendant, after a jury trial, of murder in the second degree (intentional), murder in the second degree (depraved indifference), attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 22 years to life, 20 years to life, 8 to 24 years, 2 to 6 years, 3 to 9 years, and 2 to 6 years, respectively, unanimously affirmed.

The jury's verdict was neither based on legally insufficient evidence, nor was it against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). Defendant's firing of numerous shots, the last of which hit the surviving victim in the stomach, accompanied by a simultaneous death threat, established that defendant intended to kill the surviving victim, and was thus guilty of both the attempted murder of the surviving victim and the "transferred intent" murder of the deceased. Although some of the shots may have gone wild, and may have been fired in a struggle between defendant and the surviving victim, the jury still had ample basis upon which to conclude that all the shots were fired under a single design to effect death. Likewise, the jury had a sufficient basis upon which to find that defendant's firing of numerous shots in a crowded nightclub evinced depraved indifference to human life while recklessly creating a grave risk of death to others *(People v Register,* 60 NY2d 270, 275, *cert denied* 466 US 953).

The court properly exercised its discretion when it received evidence of defendant's possession of a firearm in the same club three months before the incident. This uncharged crime evidence, which was preceded by extensive proceedings under

*People v Ventimiglia* (52 NY2d 350) and followed by suitable limiting instructions, was particularly probative because it tended to refute a defense claim *(see, People v Hernandez,* 139 AD2d 472, 476-477, *lv denied* 72 NY2d 957) that defendant had no way of smuggling a firearm into the club past its security guards *(see also, People v Del Vermo,* 192 NY 470, 478-481).

Evidence of a telephone threat was properly admitted. Although the witness was unfamiliar with defendant's voice, the circumstances made it highly likely that the call was made by defendant, and not an impostor or similarly-named person *(People v Lynes,* 49 NY2d 286, 291-293).

Defendant's remaining contentions are without merit. Concur—Sullivan, J. P., Carro, Kupferman, Nardelli and Tom, JJ.