■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BEEBE, Appellant. [630 NYS2d 170] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of arson in the second degree, criminal mischief in the fourth degree and assault in the third degree. We reject his contention that the court abused its discretion in refusing to allow testimony that the occupant of the trailer had, on previous occasions, fallen asleep and dropped cigarettes on the floor and furniture, causing a fire. Although a defendant has the right to introduce evidence that the event was caused by a person other than himself, such evidence must do more than raise a suspicion that the conduct of the other person caused the event *(People v Aulet,* 111 AD2d 822, 825, *lv denied* 66 NY2d 761). Because the proffered evidence was inconsistent with the physical evidence concerning the cause of the fire, that evidence could not provide a clear link establishing that someone else caused the fire *(see, People v Aulet, supra,* at 825; *see also, Williams v State,* 600 NE2d 962 [Ind App]).

We also reject defendant's contention that the evidence is legally insufficient to support the jury verdict and that the verdict is contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant's contention on appeal that testimony that the cause of the fire was "unusual", "not normal" and "unnatural" constituted improper opinion evidence was not preserved for our review *(see,* CPL 470.05 [2]; *People v Osuna,* 65 NY2d 822,

824), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Jefferson County Court, Clary, J.—Arson, 2nd Degree.) Present—Denman, P. J., Pine, Callahan, Doerr and Balio, JJ.