██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES N. MIKOLAJCZYK, Appellant. [639 NYS2d 230] 

 Memorandum: The prosecutor was not obligated to seek a superseding indictment when he learned, immediately before the victim was to testify at trial, that the victim had lied to the Grand Jury about the location of the

robbery. The location of the robbery is not a material element of the crime (*cf., People v Pelchat,* 62 NY2d 97). Moreover, the prosecutor informed Supreme Court and defense counsel about the false Grand Jury testimony as soon as possible after learning of it, and defense counsel cross-examined the victim at length about his motive for changing his testimony.

Defendant argues that he was prejudiced because the People produced a previously-undisclosed witness, who testified that she was an eyewitness to the robbery. Defendant neither objected to the testimony of the witness on the basis of surprise nor did he request a continuance for the purpose of conducting an independent investigation. Consequently, defendant failed to preserve his present argument for our review (*see,* CPL 470.05 [2]).

Defendant was afforded effective assistance of counsel. The verdict is supported by sufficient evidence and is not against the weight of the evidence. Although a different finding would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (*People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Erie County, Sprague, J.—Robbery, 2nd Degree.) Present—Pine, J. P., Lawton, Fallon, Callahan and Doerr, JJ.