■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO BARBER, Appellant. [647 NYS2d 320] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of one count each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, based upon a drug transaction on June 17, 1994 with an informant. The jury acquitted defendant of the same charges based upon an earlier drug transaction that day with the same informant.

Defendant contends that the verdict is against the weight of the evidence because the jury must have concluded that the informant was not a credible witness with respect to the first transaction, yet it convicted defendant with respect to the second transaction based upon the testimony of the same witness. The proof in connection with the first transaction, however, was based almost exclusively upon the informant's uncorroborated testimony. The electronic body wire worn by the informant did not pick up any conversation identifying the seller of the drugs. By contrast, the proof in connection with the second transaction was based not only upon the testimony of the informant, but also upon the electronic body wire that picked up the conversation between the informant and "Al". The police officer who monitored the drug transactions testified that he recognized Al's voice as that of defendant. Thus, the informant's testimony regarding the second transaction was corroborated by the details of the sale and the identification of

defendant through the body wire and the testimony of the officer. We conclude, therefore, that the jury properly weighed the evidence in arriving at its verdict (*see, People v Bleakley*, 69 NY2d 490, 495; *cf., People v Wilson*, 57 AD2d 908). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Callahan, Doerr and Boehm, JJ.