■ The People of the State of New York, Respondent, v James Evans, Appellant. [648 NYS2d 11] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered April 23, 1993, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The testimony that defendant took the property of the victim was legally sufficient to support a finding of defendant's guilt of grand larceny in the fourth degree (Penal Law § 155.30 [5]), and the verdict was not against the weight of the evidence (*People v Bleakley,* 69 NY2d 490, 495).

Defendant's motion to set aside the verdict on grounds of ineffective assistance of counsel was properly denied after an evidentiary hearing in which defendant was represented by newly appointed counsel. We find that defendant was not prejudiced by the court's conduct of an initial hearing with defendant still represented by trial counsel. There is no reason to disturb the hearing court's finding of fact that defendant failed to request his attorney to exercise a peremptory challenge to disqualify a prospective juror from sitting as a juror in this case. Nor did defendant's trial counsel neglect to provide defendant with meaningful representation when he selected the juror in question, a victim of crime similar to that which defendant was charged, but whose occupation as a drug counselor the defense counsel believed would make her sympathetic to the defense. We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Andrias, JJ.