■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE L. BETHUNE, Appellant. [678 NYS2d 418] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court should have granted his suppression motion because the police did not have probable cause to arrest him. At the time of defendant's arrest, the arresting officer had reliable information that a male who described himself as a "good Samaritan" had telephoned the burglary victim, told him that he was in possession of property that had been stolen the previous night from the victim's automobile dealership during the burglary, and offered to return it at a designated meeting place. The caller, however, instructed the victim not to involve the police. The arresting officer also had reliable information that someone had attempted to obtain the victim's cellular telephone password in order to use the telephone, which had been stolen in the burglary.

The record establishes that the police had probable cause to support defendant's arrest for criminal possession of stolen property in the fifth degree after the burglary victim identified property in defendant's possession as property owned by the victim's automobile dealership (*see, People v Carrasquillo*, 54 NY2d 248, 254; *see also,* CPL 70.10 [2]).

Inasmuch as there was probable cause to support defendant's arrest, we reject the contentions of defendant, raised in his *pro se* supplemental brief, that his arrest was pretextual in nature and that the People failed to establish attenuation or an independent source. We further reject defendant's contention that the court erred in rejecting defendant's suppression hearing testimony as incredible as a matter of law whenever it differed from the hearing testimony of two police officers. It is well established that a suppression court's resolution of credibility issues will not be disturbed unless it is not supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761). Defendant admitted on cross-examination that he told the interrogating

officers "different stories" that included lies. Under the circumstances, the record supports the court's finding that defendant's testimony was incredible as a matter of law whenever it differed from the officers' testimony (*see, People v Levine,* 174 AD2d 757, 759, *lv denied* 79 NY2d 829).

The court did not err in denying defendant's request for a missing witness charge with respect to a police investigator who was unavailable to testify because he had left New York State for vacation. Although defendant met his initial burden of demonstrating entitlement to the charge, the People established that the issue about which the officer would testify was not material or relevant (*see generally, People v Macana,* 84 NY2d 173, 177). Contrary to defendant's assertions, we conclude that whether the arresting officer obtained the keys to one of the stolen vehicles after arresting defendant in the parking lot or retrieved the keys at the police station was not a material issue in the case.

The evidence is legally sufficient to support defendant's conviction with respect to each element of the two counts of criminal possession of stolen property in the third degree, and the verdict with respect to those counts is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant has failed to preserve for our review his contentions that he was denied a fair trial by prosecutorial misconduct during summation, that the court improperly minimized the importance of the jury's function by certain comments it made to the jury and that the prosecutor improperly elicited testimony without offering relevant photographs into evidence (*see,* CPL 470.05 [2]). In any event, those contentions lack merit.

We have considered the remaining contentions of defendant, including those raised in his *pro se* supplemental brief, and conclude that they are lacking in merit. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Possession Stolen Property, 3rd Degree.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.