OPINION OF THE COURT
Bellacosa, J.
We hold that it is reversible error when the Appellate Division manifestly avoids its exclusive statutory authority to review the weight of the evidence in criminal cases.
*493 Each defendant, Timothy Bleakley and Jeffrey J. Anesi, has been found guilty by a jury at a joint trial of two counts of rape in the first degree, one count of sodomy in the first degree and sexual abuse in the first degree. By a divided court, the Appellate Division affirmed the judgments of conviction.
The principal issue is whether defendants have been deprived of one of their available statutory standards of intermediate appellate court review, a review based on the weight of the evidence (CPL 470.15 [5]). We discern that in this case they have been so deprived.
The very serious crimes for which both defendants stand convicted started out with some drinking in taverns late in the evening, then some social and amicable bar encounters in the early morning hours which evolved to an automobile setting where the victim and the two defendants planned to "do some coke” together. They did so. The versions of what happened thereafter differ sharply. The victim testified to a horrible and forcible double rape and sodomy. The defendants testified to one consensual sexual incident. There is other evidence of a circumstantial nature dealing with sexual conduct and possible forcible circumstances. There are also serious credibility and discrepancy assertions with respect to all the key witnesses.
Unquestionably, these features all relate principally to the jury’s properly exercised function and its resolution in this respect eliminates any further relevant concern with respect to the evidentiary standard of sufficiency or reasonable doubt (this is not a People v Ledwon, 153 NY2d 10, or People v Santos, 38 NY2d 173, type case). But, based on what is before us on this record, the Appellate Division did not do the factual analysis of whether the jury determination was against the weight of the evidence, a review which may take place only in an intermediate appellate court (CPL 470.15 [5]).
The complementary review scheme erected in our Constitution and statutes imposes a heavy duty on our important and overburdened intermediate appellate courts which speak the final word in most cases and especially with respect to review of fact issues. That is why the issue is so critical to the proper outcome of this case.
Unlike this court which, with few exceptions, passes on only questions of law, intermediate appellate courts are empowered to review questions of law and questions of fact. They do so in *494 both civil cases (CPLR 5501 [c]) and criminal cases (People v Redmond, 225 NY 206; People v Stevens, 104 NY 667; CPL 470.15). Indeed, this unique factual review power is the linchpin of our constitutional and statutory design intended to afford each litigant at least one appellate review of the facts (Cohen and Karger, Powers of the New York Court of Appeals § 109, at 465 [rev ed]).
On the criminal side, however, the history of this unique review power had been the subject of some confusion. For years an appellate determination that the verdict was against the weight of the evidence warranted only the ordering of a new trial, while sufficiency and reasonable doubt deficiencies necessitated the corrective action of dismissal of the criminal charges (see, e.g., People v McCaleb, 25 NY2d 394; People v Klose, 18 NY2d 141; People v Bellows, 281 NY 67; compare, People v Holmes, 52 NY2d 976; People v Robare, 109 AD2d 923). The Criminal Procedure Law revisors recommended and the Legislature enacted a significant clarifying change upgrading the corrective action to dismissal of criminal charges under either standard of review (see, CPL 470.20 [2], [5]; People v Crimmins, 36 NY2d 230; People v Kidd, 76 AD2d 665). The change was justified because, in the words of the drafters, "[t]he People, having had full opportunity to prove their case at trial and having failed to do so, should not be accorded another chance” (Staff Comment to Proposed CPL 240.40, at 328 [1967]).
This case presents a new difficulty. The Appellate Division (125 AD2d 687 [2d Dept], Iv granted 69 NY2d 744) was divided as to whether its review power was limited to a determination of the legal sufficiency of the evidence or whether it should also weigh the evidence and, if appropriate, reverse the judgments based on a factual determination that the verdict was against the weight of the evidence. In upholding the judgments of conviction, a majority of the court articulated the view that their function as an appellate court was not to substitute their judgment for that of the jury on matters of credibility or the weight to be accorded to the evidence presented at trial, but rather to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the defendants’ guilt had been proven beyond a reasonable doubt (id., at 691). Indeed, the majority took exception to the dissent’s conclusion that the guilty verdicts were contrary to the weight of the evidence. "[B]y voting to reverse the judgments of conviction *495 based on apparent inconsistencies in the complainant’s testimony, our dissenting colleague chooses to ignore the well-established legal standards with respect to the scope of appellate review in criminal cases” (id,., at 692; see also, cases cited in the respective opinions).
Although the two standards of intermediate appellate review — legal sufficiency and weight of evidence — are related, each requires a discrete analysis. For a court to conclude, as the Appellate Division did in this case, that a jury verdict is supported by sufficient evidence, the court must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial (Cohen v Hallmark Cards, 45 NY2d 493, 499) and as a matter of law satisfy the proof and burden requirements for every element of the crime charged. If that is satisfied, then the verdict will be upheld by the intermediate appellate court on that review basis.
To determine whether a verdict is supported by the weight of the evidence, however, the appellate court’s dispositive analysis is not limited to that legal test. Even if all the elements and necessary findings are supported by some credible evidence, the court must examine the evidence further. If based on all the credible evidence a different finding would not have been unreasonable, then the appellate court must, like the trier of fact below, "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony” (People ex rel. MacCracken v Miller, 291 NY 55, 62; compare, People v Smith, 63 NY2d 41, 52; see also, Cohen and Karger, Powers of the New York Court of Appeals § 112, at 484 [rev ed]). If it appears that the trier of fact has failed to give the evidence the weight it should be accorded, then the appellate court may set aside the verdict (CPL 470.20 [2]).
Empowered with this unique factual review, intermediate appellate courts have been careful not to substitute themselves for the jury. Great deference is accorded to the fact-finder’s opportunity to view the witnesses, hear the testimony and observe demeanor. Without question the differences between what the jury does and what the appellate court does in weighing evidence are delicately nuanced, but differences there are.
Here the Appellate Division, on a plain reading of the *496 majority and dissenting opinions, failed to provide its exclusive review authority which is expressly withheld from the trial court and even from this court. We must, therefore, remit for that court to complete its consideration of the case, including application of its weight of evidence review.
In directing the corrective action in this case, we do not imply that the Appellate Division must manifest its weight of evidence review power by writing in all criminal cases (compare, CPL 470.25 and 470.40). But where the order and writings of the intermediate appellate court manifest a lack of application of that review power which appellants are entitled to, then we reverse and remit.
We have examined the other issues and conclude they are not dispositive or meritorious.
Accordingly, the order of the Appellate Division should be reversed and the case remitted for further proceedings in accordance with this opinion.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed, etc.