■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH THOMAS, Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal from a judgment convicting him of larceny by bad check arising out of a check-kiting scheme, defendant contends that the court erred in excluding relevant evidence and that the verdict was against the weight of the evidence. We disagree. The court did not err in excluding testimony of defendant's brothers that they previously had covered defendant's overdrafts. The determination whether evidence is relevant is entrusted to the sound discretion of the trial court (People v Davis, 43 NY2d 17, 27, cert denied 435 US 998, rearg dismissed 61 NY2d 670). Here, the proposed testimony was cumulative and might have diverted the jury's attention from the main issue, i.e., defendant's intent at the time he passed the bad checks. In this connection, we note that defendant was permitted to testify that he did not intend to steal but intended to cover the checks with funds that he anticipated his family would provide. " '[E]ven if the evidence is proximately relevant, it may be rejected if its probative value is outweighed by the danger that its admission would prolong the trial to an unreasonable extent without any corresponding advantage; or would confuse the main issue and mislead the jury' " (People v Davis, supra, at 27, quoting Richardson, Evidence § 147, at 117 [Prince 10th ed]).

The verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). In view of the nature of defendant's checking transactions and his disposition of the proceeds, the jury properly concluded that he intentionally created and maintained the accounts and passed the bad checks for the purpose of permanently appropriating the funds. (Appeal from judgment of Monroe County Court, Dugan, J.—grand larceny, second degree.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.