■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAX S. STRUBLE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of grand larceny in the third degree (Penal Law § 155.35) for stealing an automobile from a restaurant parking lot in the Village of Almond. The vehicle was recovered the following day in Tennessee, where defendant was apprehended after being stopped for speeding.

Viewing the evidence in the light most favorable to the People (see, People v Thompson, 72 NY2d 410, rearg denied 73 NY2d 870), we conclude that the evidence was legally sufficient to support defendant's conviction (see, People v Bleakley, 69 NY2d 490, 495). An inference of guilt may be drawn from recent and exclusive possession of the fruits of a crime (see, People v Baskerville, 60 NY2d 374, 382). Defendant's presence in the vicinity of the crime at the time it occurred, coupled with his possession of the stolen automobile in the State of Tennessee on the day following the theft and his admission that he had stolen a car, were sufficient to establish a prima facie case and to enable the jury to find guilt beyond a reasonable doubt.

The letter that was received in evidence contained a number of irrelevant and prejudicial remarks which might better have been redacted. In our view, however, the letter was not particularly incriminating and its receipt in evidence did not deny defendant a fair trial.

We find no merit to defendant's contention that he was denied effective assistance of counsel. Viewed in its totality, defense counsel's representation of defendant was "meaningful" (People v Baldi, 54 NY2d 137, 147). (Appeal from judgment of Allegany County Court, Sprague, J.—grand larceny, third degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Davis, JJ.