■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL TORRES, Appellant.—Judgment unanimously affirmed. Memorandum: Contrary to defendant's contention, his admissions during the plea colloquy did not raise the possibility of an agency defense, thereby triggering the need for further inquiry by the court. On this record, we are unable to evaluate defendant's claim that he was denied the effective assistance of counsel. In the circumstances presented, defendant's contention may appropriately be raised in a proceeding under CPL article 440. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—criminal sale of controlled substance, second degree.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY HERRING, Appellant.—Judgment unanimously affirmed. Memorandum: We agree with the suppression court that the array of photographs shown to the prosecution witness was not suggestive and that the portions of the tape recording offered into evidence were audible. (Appeal from judgment of Ontario County Court, Reed, J.—criminal sale of controlled substance, third degree.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PENNY S. MACDONALD, Appellant.—Judgment unanimously affirmed. Memorandum: We conclude that the evidence was legally sufficient to sustain defendant's conviction of petit larceny (see, People v Bleakley, 69 NY2d 490, 495). (Appeal from judgment of Cattaraugus County Court, Sprague, J.—petit larceny.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.