■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY ALSTON, Appellant.—Judgment, Supreme Court, New York County (Bernard J. Fried, J., at trial and sentence), rendered February 22, 1989, convicting defendant, after non-jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to an indeterminate term of from 4½ to 9 years' imprisonment, unanimously affirmed.

Defendant was arrested and charged in a one-count indictment with the sale on May 24, 1988 of three jumbo vials of cocaine to an apprehended buyer in front of 203 West 145th Street, Manhattan. This was observed by officers from an observation post, and the contraband was recovered.

Defendant contends on appeal that he was denied due process because the People failed to prove the case against him beyond a reasonable doubt, and that his conviction was based upon incredible police testimony and, thus, was against the weight of evidence.

There is no merit to defendant's contention that the observing officer's testimony that the apprehended buyer placed the three jumbo vials of cocaine in her "left" pocket significantly conflicts with the arresting officer's testimony that he recovered the three jumbo vials of cocaine in the described buyer's "right" pocket, the location radioed to him by the observation officer. This discrepancy could easily be attributed by the finder of fact to perspective, and certainly does not give rise to a reasonable doubt. Additionally, defendant's argument that the arresting officer's testimony should have been discredited entirely because of defendant's testimonial claim that the officer held a preconceived bias against defendant is unsupported by defendant's clearly self-serving and inconsistent testimony regarding alleged previous encounters between defendant and the arresting officer.

The record reveals ample evidentiary support, given appropriate weight by the trial court, for the conclusion that the

People proved defendant's guilt beyond a reasonable doubt. *(People v Bleakley,* 69 NY2d 490.) Concur—Ross, J. P., Carro, Asch, Wallach and Smith, JJ.