■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIYONGO SAMS, Appellant.—Judgment unanimously affirmed. Memorandum: Following a nonjury trial, defendant was convicted of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03). On appeal, defendant's sole contention is that the verdict is against the weight of the evidence. Specifically, he argues that the trier of fact erred in concluding that he intentionally shot the victim.

Defendant testified that the sawed-off shotgun he held at the time of the shooting discharged because he was bumped from behind. His testimony also established, however, that immediately prior to the shooting, he and the victim were embroiled in a heated dispute; that during the course of the dispute, he placed his finger on the trigger and pointed the gun at the victim's chest; and that, after the shooting, defendant told

neither his friends, with whom he fled the scene, nor the police officer who took his statement, that the gun discharged because he was bumped from behind.

Moreover, expert testimony was presented at trial describing in detail the safeguards built into the weapon's firing mechanism in order to prevent accidental discharge. Additionally, the proof demonstrated that, in order to fire the weapon, a person would have to load and cock the gun, and exert between 4¼ and 4½ pounds of pressure on the trigger.

On review of the record, we find no merit to defendant's argument that the verdict is against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Monroe County Court, Wisner, J.—Manslaughter, 1st Degree.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.