■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSE GENTRY, Appellant.—Motion for reconsideration granted and, upon reconsideration, judgment unanimously reversed on the law, indictment dismissed and the memorandum decision dated November 16, 1990 [167 AD2d 897] amended to read as follows: Memorandum: The evidence in this circumstantial evidence case was not legally sufficient to support defendant's convictions of assault in the first degree (see, Penal Law § 120.10 [3]) and endangering the welfare of a child (see, Penal Law § 260.10 [1]). The proof, when viewed in the light most favorable to the prosecution, shows that the victim sustained serious physical injury as a result of "severe, blunt trauma to the head". The record further reveals that defendant placed the victim, her 18-month-old son, on a mattress located on the floor of his upstairs bedroom. She returned downstairs to watch television. The codefendant, Jerry Kloster, was then asleep on a sofa in the living room. Defendant put her daughter to bed and went to the bathroom to take a shower. She was still in the bathroom when Kloster asked her to get him ice cream. When she returned to the living room with the ice cream, Kloster told her that he had heard the victim cry out in an unusual manner. Defendant did not investigate. Kloster

entered the victim's room; defendant remained outside. Kloster placed the victim back on the mattress, said the room was hot, opened a window and turned on a fan. Kloster and defendant returned to the downstairs area. A short time later Kloster said he did not think the victim was "alright upstairs". He went back to the victim's room, discovered that the victim was not breathing properly and told defendant to call for an ambulance. These facts taken together, in combination with the circumstantial evidence of Kloster's guilt and the manner in which the victim's injury apparently was inflicted, "are not inconsistent with defendant's innocence, nor does the evidence exclude to a moral certainty every reasonable hypothesis of innocence" *(People v Way,* 59 NY2d 361, 363).

Further, upon our review of the evidence and " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' ", we conclude that "the trier of fact has failed to give the evidence the weight it should be accorded" *(People v Bleakley,* 69 NY2d 490, 495). Accordingly, we reverse the judgment convicting defendant of assault in the first degree and endangering the welfare of a child and dismiss the indictment. Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.