■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL ORTIZ, Appellant.—Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered October 31, 1989, convicting defendant after a jury trial of attempted robbery in the second degree, and sentencing him to an indeterminate term of imprisonment of 3½ to 7 years, unanimously affirmed.

The complainant testified at trial that he was the victim of a hold up attempt as he sat in his car waiting for a red light. After co-defendant Sostre pointed a gun at the complainant's head, defendant tried to grab the gold chains that the complainant was wearing. When another car approached the intersection, Sostre withdrew the gun and the complainant escaped. Defendant and Sostre then fled, but a short time later they were pointed out by the complainant to plainclothes officers. After a brief chase they were captured.

Defendant's argument that the complainant's testimony was not credible rests on his acquittal of attempted robbery committed by means of a gun. The record, however, contains evidence of sufficient quantity and quality to support his conviction for attempted robbery under the theory that he was aided by a person actually present. Bearing in mind that credibility is a matter to be determined by the trier of fact, we are of the view that the jury properly weighed the complainant's testimony. *(People v Bleakley,* 69 NY2d 490.)

Defendant's claim, that the trial court's supplemental charge permitted the jury to find him guilty on insufficient proof, has not been preserved for appellate review as a matter of law. Were we to reach this argument in the interest of justice, we would affirm. The court's use of the phrase "each or both" was no more than a grammatical device by which the trial court emphasized that the jury had to render separate verdicts as to each defendant with respect to the charges. Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.