(August 19, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL PEREZ, Appellant. [601 NYS2d 285] —Judgment, Supreme Court, Bronx County (George D. Covington, J.), rendered September 6, 1990, convicting defendant, after jury trial, of grand larceny in the fourth degree, assault in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to consecutive terms of imprisonment of 2 to 4 years and 3½ to 7 years, respectively, on the larceny and assault convictions, and to concurrent terms of imprisonment of 1 year, and 6 months, respectively, on the weapon possession and stolen property

possession convictions, unanimously modified, on the law, to reduce the grand larceny conviction to petit larceny, and to vacate the sentence imposed on the grand larceny conviction, and otherwise affirmed.

Although the evidence was sufficient to support defendant's guilt of petit larceny in connection with the first incident, the complainant's estimate of the value of the stolen property as "at least about $2,000", without more, was insufficient to prove that defendant stole property that exceeded $1,000 in value *(see, People v Selassie,* 166 AD2d 358, *lv denied* 77 NY2d 911). It is unnecessary to remand for resentencing since defendant has already served the maximum time to which he could have been sentenced on the petit larceny conviction *(supra).*

Contrary to defendant's argument, the People's evidence with regard to the assault in the second degree and criminal possession of stolen property in the fifth degree charges was sufficient to support the jury's finding beyond a reasonable doubt that defendant, acting in concert with the codefendant, committed those crimes *(People v Bleakley,* 69 NY2d 490).

We have considered defendant's additional claims of error and find them to be meritless. Concur—Murphy, P. J., Rosenberger, Kupferman, Kassal and Nardelli, JJ.