■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD OLIVERAS, Appellant. [612 NYS2d 41] —Judgment, Supreme Court, New York County (Albert Williams, J.), rendered July 9, 1992, convicting defendant, after a jury trial, of riot in the first degree and assault in the third degree, and sentencing him to a term of 6 months imprisonment concur-

rent with 5 years probation for the riot conviction, to run concurrently with a term of 6 months imprisonment for the assault conviction, unanimously affirmed. The matter is remitted to the Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (5).

The verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). It was within the jury's province to decide whether the police falsified a document, and, if so, what weight should be given that fact *(People v Perry,* 277 NY 460, 467-468). When the arresting officer momentarily lost sight of defendant and then saw him again in the custody of other officers, this did not constitute an "identification" requiring notice under CPL 710.30 (1) (b) or a *Wade* hearing *(see, People v Gissendanner,* 48 NY2d 543, 552). In any event, the notice and hearing that defendant did in fact receive adequately covered this purported "identification".

Notwithstanding defendant's objection, the court properly exercised its discretion in replacing a sworn juror, when it rejected the juror's assurances, following a careful inquiry, that she could still remain fair despite learning, to her great embarrassment, that a police witness had contradicted her version of which of the two had initiated a romantic courthouse encounter between them *(see, People v Rodriguez,* 71 NY2d 214, 219). Moreover, by demanding a mistrial and various other relief, defendant effectively conceded that the trial could not go on in that posture.

The court properly denied defendant's request that riot in the second degree be submitted as a lesser included offense of riot in the first degree. Since it was undisputed that, in addition to the rioters who assaulted the complainant, at least 10 to 20 others were wielding weapons in a threatening and terrifying manner, going beyond mere noisemaking, there was no reasonable view of the evidence that defendant was joined by less than 10 others in "tumultuous and violent conduct" (Penal Law § 240.06). Furthermore, the court adequately instructed the jury on that element. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Williams, JJ.