(August 25, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER GOMEZ, Appellant. [615 NYS2d 677] —Judgment, Supreme Court, New York County (Paul Bookson, J.) rendered June 15, 1992, which convicted defendant, after a trial by jury, of criminal possession of a controlled substance in the fourth degree, and sentenced him to an indeterminate term of imprisonment of 4¾ to 9½ years, unanimously reversed, on the law, the facts and as a matter of discretion in the interest of justice, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

According to the police officer who testified at trial, defendant was observed in possession of a Lerner's shopping bag while standing with a companion in the doorway of 2174

Amsterdam Avenue. He took something from his waist area and put it in the bag. His companion then walked to the sidewalk, looked both ways and motioned to defendant to join him. As the two men walked down Amsterdam Avenue they met a third man, later identified as Leonardo Martinez, to whom defendant handed the bag. After a brief exchange of words, Martinez entered 2170 Amsterdam Avenue. Moments later, he was observed leaving the back entrance of the building and dropping the bag on a nearby stoop. When the police recovered the bag, it was found to contain 250 glassine envelopes containing heroin bundled into packets of 10 with rubberbands, a black plastic zip lock bag containing what appeared to be marijuana, a blue box containing 19 live rounds of ammunition and close to $1,500 in cash. All three men were charged with possession of the heroin, but defendant proceeded to trial alone.

Since the officers did not observe the contents of the bag while it was in defendant's possession, his possession of the contents of the bag when it was recovered rests solely upon circumstantial evidence. The proper analysis for application of the reasonable doubt standard in a case which rests solely upon circumstantial evidence is that the " 'hypothesis of guilt should flow naturally from the facts proved, and be consistent with them; and the facts proved must exclude "to a moral certainty" every reasonable hypothesis of innocence' " *(People v Ford,* 66 NY2d 428, 441, quoting *People v Benzinger,* 36 NY2d 29, 32). Thus, in this case, in order to find defendant guilty beyond a reasonable doubt, the jury would have to have found that there was no reasonable possibility that Martinez had had the heroin in his possession and had taken the opportunity, while inside the building, to place it inside the bag with the other items.

The only evidence offered by the prosecution which was relevant to the validity of this hypothesis was testimony concerning the shape and configuration of the bag before it was taken into the building by Martinez. However, upon our review of the facts *(People v Bleakley,* 69 NY2d 490), we find that the testimony concerning the shape and size of the bag as observed by a police officer standing 350 feet away was far too speculative upon which to rest a finding that the bag must have contained the heroin in addition to the other items later found in the bag. The jury's necessary finding that the heroin could not have been put in the bag after the bag left defendant's possession was therefore against the weight of the credible evidence and defendant's conviction should be re-

versed pursuant to CPL 470.15 (5) and the indictment dismissed. Concur—Murphy, P. J., Carro, Ellerin and Nardelli, JJ.