■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HUGHES, Appellant. [638 NYS2d 568] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the second degree in connection with the sale of cocaine to a police informant on June 30, 1992, defendant contends that Supreme Court did not properly instruct the jury pursuant to CPL 300.10 (2) because it failed to explain sufficiently the concept of "dominion and control" when defining the meaning of constructive possession. Defendant also contends that the admission of evidence relating to counts of the indictment that were dismissed at the close of the People's case was so highly prejudicial that it deprived him of a fair trial. Those contentions have not been preserved for our review *(see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

Lastly, upon our review of the record, we conclude that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.