■ In the Matter of ISRAEL R., a Person Alleged to be a Juvenile Delinquent, Appellant. [— NYS2d —] —Order of disposition, Family Court, Bronx County (Jody Adams, J.), entered on or about September 11, 1995, which adjudicated respondent a juvenile delinquent, following a fact finding determination that respondent committed an act, which, if committed by an adult, would constitute the crime of attempted robbery in the first degree, and placed him on probation for 1 year, unanimously affirmed, without costs.

The finding was based on legally sufficient evidence and was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490). Issues raised by respondent concerning the credibility of the complainant were properly placed before the trier of fact and we find no reason to disturb its findings. Concur— Ellerin, J. P., Wallach, Williams, Tom and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY FELICIANO, Appellant. [— NYS2d —] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered March 9, 1993, convicting defendant, after a jury trial, of murder in the second degree, burglary in the first degree, and hindering prosecution in the second and third degrees, and sentencing him to concurrent prison terms of 24 years to life, $8^1/_3$ to 25 years, $1^1/_3$ to 4 years, and 1 year, respectively, unanimously affirmed.

To the extent that defendant made no objections or made generalized objections, or sought no further relief after his objections were sustained, he has failed to preserve his current claim that he was deprived of a fair trial by the prosecutor's allegedly sarcastic and derogatory comments during cross-examination and summation, and we decline to review it in the interest of justice. In any event, we find that defendant was not deprived of a fair trial. The prosecutor was entitled to comment on defendant's intelligence, his demeanor, and whether he was manipulated by the police, in light of defendant's testimony and comments made by defense counsel (see, People v Williams, 178 AD2d 145, lv denied 79 NY2d 954). We also note the overwhelming evidence of defendant's guilt of the crimes of which he was convicted. Concur—Ellerin, J. P., Wallach, Williams, Tom and Andrias, JJ.