■ In the Matter of SEYMOUR BREITERMAN, a Suspended Attorney. [679 NYS2d 278] —Motion granted, and petitioner's reinstatement petition is deemed amended, as indicated. No opinion. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Tom, JJ.

(October 8, 1998)

■ In the Matter of MICHAEL KENNEDY, Petitioner, v HOWARD SAFIR, as Police Commissioner of City of New York, et al., Respondents. [679 NYS2d 279] —Determination of respondent Police Commissioner dated August 29, 1996, dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Richard Lowe, III, J.], entered July 3, 1997), dismissed, without costs.

Respondents established by substantial and uncontradicted evidence that, in the course of an integrity test, petitioner performed an illegal search and used excessive force in an assault upon an undercover police officer. In light of the proven misconduct, we do not find respondent's dismissal of petitioner a disproportionate penalty, much less one that shocks our sense of fairness (*see, Pell v Board of Educ.*, 34 NY2d 222, 233). Concur—Sullivan, J. P., Rubin, Tom and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CANDIDO NIEVES, Appellant. [678 NYS2d 331] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered May 5, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations regarding the reliability of the identification testimony (*see, People v Bleakley*, 69 NY2d 490). There was ample evidence of defendant's intentional participation in the sale. Defendant's inquiry as to the amount of drugs the undercover officer desired to purchase, taken in context, was clearly part of the transaction. Concur—Sullivan, J. P., Rubin, Tom and Saxe, JJ.