■ HARRY ZIPKIN, Appellant, v MICHAEL VOLPE, Respondent. [739 NYS2d 315] —Appeal from an order of Supreme Court, Monroe County (Frazee, J.), entered October 18, 2000, which granted defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated at Supreme Court, Frazee, J. Present—Hayes, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RACHELLE C., Appellant. [741 NYS2d 356] —Appeal from an adjudication of Supreme Court, Erie County (Rossetti, J.), entered July 27, 1999, adjudicating defendant a youthful offender after a jury trial.

It is hereby ordered that the adjudication so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was adjudicated a youthful offender following a jury verdict convicting her of assault in the first degree (Penal Law § 120.10 [2]) and was sentenced to an indeterminate term of incarceration of 1⅓ to 4 years. The verdict is not against the weight of the evidence. The victim and a witness to the assault identified defendant as the person who slashed the victim's face with a box cutter. Defendant admitted that she was involved in an altercation with the victim, but she testified that she did not attack the victim and did not have a weapon. Although the testimony of the victim and the witness was contradictory with respect to certain details, both testified that defendant was the person who cut the victim. The fact that the victim was intoxicated at the time of the incident affects the weight to be accorded her testimony but does not render her testimony inadmissible (*see, People v Zollbrecht*, 145 Misc 2d 880, 887). The jury chose to credit the testimony of the prosecution witnesses and, upon our review of the record, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495). Given the violent nature of the crime, we conclude that the sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Hayes, Wisner, Hurlbutt and Gorski, JJ.