■ The People of the State of New York, Respondent, v Jose Gonzalez, Appellant. [738 NYS2d 574] —Judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered October 11, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The People disproved defendant's agency defense beyond a reasonable doubt (*see, People v Lam Lek Chong*, 45 NY2d 64, 74-75, *cert denied* 439 US 935), since the evidence warranted the conclusion that defendant was a participant in the drug-selling operation and the jury was free to reject defendant's testimony as to the reason he obtained drugs for the undercover officer. We have considered and rejected defendant's remaining arguments and find them without merit. Concur—Williams, P.J., Tom, Saxe, Rosenberger and Wallach, JJ.

■ The People of the State of New York, Respondent, v Tyrone Porter, Appellant. [738 NYS2d 576] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered March 13, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6½ to 13 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490). There is no basis upon which to disturb the jury's determinations concerning identification credibility. The inconsistencies in testimony, including minor and easily reconcilable discrepancies as to defendant's appearance were insignificant. The evidence showed that there were no other people in the street remotely approximating defendant's description and that a "ghost" officer watched the entire sequence of events without losing sight of defendant. Concur—Williams, P.J., Tom, Saxe, Rosenberger and Wallach, JJ.