■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT JEFFERSON, III, Appellant. [757 NYS2d 411] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered April 12, 1999, convicting defendant after a jury trial of criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3], [4]), defendant contends that County Court should have declared a

mistrial based on the prejudicial effect of the testimony of a prosecution witness who asserted her right against self-incrimination at trial. We reject that contention. The court admonished the jurors to disregard that testimony, and "it cannot be presumed that the jurors would disregard the Trial Judge's instruction that they could not consider [that testimony] in reaching their verdict" (*People v Davis*, 58 NY2d 1102, 1104 [1983]). We further conclude that the evidence, viewed in the light most favorable to the prosecution, is legally sufficient to support the conviction (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). A prosecution witness testified that he observed defendant with a gun speaking to the occupants of a vehicle, and that he then observed defendant enter a neighbor's home. That neighbor gave the police permission to search her home, and the police found defendant in one room and a loaded gun in another room. Furthermore, we conclude that the verdict is not against the weight of the evidence (*see id.*). In a case such as this, with competing inferences regarding possession, "resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses" (*People v Hernandez*, 288 AD2d 489, 490 [2001], *lv denied* 97 NY2d 729 [2002]). In light of defendant's criminal history, including the prior conviction based on defendant's illegal possession of a firearm, the court did not abuse its discretion in denying defendant's request for youthful offender status (*see generally People v Shrubsall*, 167 AD2d 929, 929-930 [1990]). Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.