The court properly sentenced defendant to a consecutive term for his third-degree weapon possession conviction. This conviction represented a separate offense, as defendant admitted in his videotaped statement that he had brought the weapon to the nightclub in question on a number of occasions in the past (*see People v Salcedo*, 92 NY2d 1019 [1998]; *People v Almodovar*, 62 NY2d 126 [1984]). We decline to vacate the third-degree weapon possession conviction in the interest of justice, and we perceive no basis for a reduction in sentence. Concur—Saxe, J.P., Rosenberger, Williams, Marlow and Gonzalez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK OVERTON, Appellant. [765 NYS2d 344] —Judgment, Supreme Court, New York County (Dora Irizarry, J.), rendered December 13, 2001, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a weapon in the fourth degree and attempted assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). In this larceny that defendant escalated into a robbery, the evidence warranted the inference that defendant deliberately misrepresented the contents of a package which he sold and falsely promised to return with three more packages in exchange for the money that he had already received. Accordingly, the evidence established the underlying larceny by false pretenses and false promise (Penal Law § 155.05 [2] [a], [d]). Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Friedman, JJ.