OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered April 30, 2003 reversed, on the facts and as a matter of discretion in the interest of justice, and the accusatory instrument is dismissed.
The defendant, who had an exemplary work record in the banking and securities industries and who had no prior criminal involvement, was convicted following a bench trial of attempted child endangerment (Penal Law §§ 110.00, 260.10 [1]),* upon evidence that he touched the infant complainant’s buttocks “for a couple of seconds” on an unspecified number of occasions over a vaguely described time period beginning sometime near the end of the complainant’s school year in either 2000 or 2001. While the ultimate issue of whether any inappropriate touching took place was vigorously disputed at trial, there is no dispute over the relevant background facts, including that the defendant was complainant’s stepuncle during the period in question and that any contact between the two took place during the complainant’s weekend visits with her father and stepmother (defendant’s sister) at the father’s Bronx residence, in which the defendant then lived.
Upon our independent review of the evidence presented at the single session trial of this single prosecution witness case, we find it appropriate to exercise our statutory authority to reverse defendant’s conviction as against the weight of the evidence and in the interest of justice (CPL 470.15 [3] [b], [c]). Putting aside the halting and equivocal nature of the trial testimony offered by the then eight-year-old complainant, there remain several “seriously disturbing aspects of this case” (People v Nickerson, 175 AD2d 74, 76 [1991]) that warrant highlighting. *80 Notably, the physical contact here complained of is said to have occurred in an open basement area — concededly used jointly as kitchen space and sleeping quarters — that was readily accessible to each of the complainant’s several family members, including her father who slept on the top floor of the two-story dwelling. Further, the touching allegedly occurred during nighttime encounters when the complainant was lying in the bed that she shared with her older brother, who, it is claimed, always remained asleep during the incidents despite the disturbance that one might reasonably expect to have been created by what the complainant described as her conduct in “mov[ing] around” and “usually getting up and walking] away” in response to defendant’s actions. Equally troublesome is the established fact that the complainant first reported the defendant’s alleged misconduct to her father in early April of 2002, as much as two years after the incidents allegedly began, at a time of familial discord during which the defendant’s sister — the stepmother whom the complainant considered to be “mean” — moved out of the house and formally separated from the complainant’s father.
Though mindful that matters of credibility are generally reserved for the trier of fact, we find the prosecution evidence in this case to be “both contrary to experience and self-contradictory” (People v Wallace, 306 AD2d 802, 803 [2003], citing People v Garafolo, 44 AD2d 86, 88 [1974]) and that the trial court “failed to give the evidence the weight it should be accorded” (People v Bleakley, 69 NY2d 490, 495 [1987]). On balance, and in view of the circumstances of the alleged touching and the chronology of the complainant’s outcry, “we are left with a very disturbing feeling that guilt has not been satisfactorily established; that there is a grave risk that an innocent man has been convicted; and that we should therefore not let this conviction stand.” (People v Kidd, 76 AD2d 665, 668 [1980], lv dismissed 51 NY2d 882 [1980].)
McCooe, J.E, Davis and Gangel-Jacob, JJ., concur.

 Defendant initially was charged by way of a felony complaint with engaging in a course of sexual conduct against a child in the second degree, a class D felony (Penal Law § 130.80), as well as endangering the welfare of a child (Penal Law § 260.10 [1]). The felony course of sexual conduct charge was dismissed on the People’s pretrial motion, and the child endangerment charge was reduced to attempted child endangerment on the People’s motion made during the course of the defendant’s presentation of his direct case.