■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY HARRIS, Appellant. [792 NYS2d 62]—

Judgment, Supreme Court, New York County (Roger Hayes, J.), rendered May 22, 2003, convicting defendant, after a jury trial, of gang assault in the first degree, and sentencing him, as a second felony offender, to a term of 22 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was

not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification and credibility. Defendant was identified by a witness who had seen him on many occasions, and by another witness who knew him well.

The court providently exercised its discretion in delivering an adverse inference instruction as a sanction for the inadvertent loss of a police report, and in refusing to preclude potential testimony relating to the subject matter of the lost document. The sanction was sufficient to alleviate any possible prejudice to defendant (*see People v Martinez*, 71 NY2d 937, 940 [1988]). In accordance with the remedy provided by the court, defendant was free, if he so chose, to impeach the witness in question about the subject matter of the lost document, and then, if the People sought to rehabilitate the witness, to exploit the People's inability to produce the document. Instead, defendant chose to avoid the subject entirely. Furthermore, defendant's claim that the lost report may have been exculpatory is purely speculative (*see California v Trombetta*, 467 US 479 [1984]).

We perceive no basis for reducing the sentence. Concur— Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.