THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SMITH, Appellant. [811 NYS2d 845]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered June 2, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]) and criminal possession of stolen property in the third degree (§ 165.50). We reject the contention of defendant that the evidence is legally insufficient to support the conviction of unauthorized use of a vehicle because there is no evidence that he took, operated or rode in the stolen vehicle. The People presented evidence establishing that defendant possessed the ignition key to the vehicle, which was parked in his driveway, and thus the evidence is legally sufficient to establish the requisite exercise of control by defendant over the vehicle to support the conviction of that charge (*see*

§ 165.05 [1]; *People v McCaleb*, 25 NY2d 394, 399 [1969]). We reject defendant's further contention that the evidence of intent is legally insufficient to support the conviction of criminal possession of stolen property. The People presented evidence that defendant attempted to negotiate a price for the return of the stolen vehicle to its owner, and thus the evidence is legally sufficient to establish that he possessed the stolen property "with intent to benefit himself" (Penal Law § 165.50; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Green, JJ.