On remittitur from the Court of Appeals (People v Bloomfield, 6 NY3d 165 [2006]) for consideration of the facts, judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J., at hearing; Bernard J. Fried, J., at nonjury trial), rendered February 11, 2003, convicting defendant Creggy of conspiracy in the fifth degree and 16 counts of falsifying business records in the first degree, and sentencing him to a term of five years’ probation, a $6,000 fine, and 500 hours of community service, unanimously affirmed; and judgment, same court and Justices, rendered February 11, 2003, convicting defendant Bloomfield of the same crimes and imposing the same sentence, unanimously reversed, on the facts, and the indictment as to defendant Bloomfield dismissed.
Previously this Court reversed defendants’ convictions for conspiracy and for each of the 16 counts of falsifying business records in the first degree (Penal Law § 175.10), and dismissed the indictments (15 AD3d 302 [2005]). Under our rationale, the 16 letters in contention were not “business records” within the definition of the Penal Law since they were not kept either by *152 the management company or in the offices of the 16 individual corporations.
On appeal by the People to the Court of Appeals, that Court concluded “the location where a document is maintained is merely a factor, not determinative of its status as a business record under the statute.” (6 NY3d at 167.) Thus, the Court found that the 16 fraudulent letters kept in the files of the enterprise’s legal counsel rather than at the company’s headquarters were business records of the company. The Court reversed our prior order, determining that the People had presented legally sufficient evidence to support the conclusion that the 16 letters fit within the definition of “business records” (6 NY3d 165, 170 [2006]). This was the only issue determined by the Court. It then remitted the case for consideration of the facts.
At the time this appeal was originally perfected, both defendants argued that the evidence was legally insufficient to support their convictions for falsifying business records in the first degree, and that the verdict was against the weight of the evidence. In light of our holding, we did not proceed to address those contentions.
Now, upon review of the record, we can resolve the factual question as to whether the trial court’s conviction of the defendants is against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). The facts have been considered and are determined to be credibly established with regard to defendant Stuart Creggy’s conviction for conspiracy in the fifth degree and for falsifying business records in the first degree. However, in considering the facts, we find that defendant Bloomfield’s conviction is against the weight of the evidence.
It is established that an unemployed former Liberian diplomat signed 16 letters falsely representing himself as the beneficial owner of 16 companies in fact owned by United States citizens. It is also established that the letters were manufactured in an attempt to mislead the Securities and Exchange Commission (SEC) which was investigating the ownership of the companies.
However, pursuant to Penal Law § 175.10, falsifying business records in the first degree required proof that defendant Bloomfield with “intent to defraud” made or caused a false entry in business records. Intent to defraud under this section includes “an intent to commit another crime or to aid or conceal the commission thereof.”
Here, even though defendant Bloomfield was instrumental in *153 arranging for the Liberian diplomat to sign the letters, there is simply no evidence in the record that he knew that the purpose of the letter was to mislead the SEC. At trial, the People’s expert on money laundering acknowledged that nominees can be used in legal ways. Thus, the mere fact that the letters stated that a figurehead was the beneficial owner of 16 companies would not necessarily lead defendant Bloomfield to the conclusion that a crime was being committed. Consequently, we find that the factual determination of the trial court below as to . defendant Bloomfield was incorrectly made, and the indictment as against him should be dismissed. Concur—Buckley, EJ., Mazzarelli, Saxe, Friedman and Catterson, JJ.