██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ROSEBORO, Also Known as ANNDY, Appellant. [822 NYS2d 221]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered October 12, 2004. The judgment convicted defendant, after a nonjury trial, of assault in the first degree, rape in the first degree, sodomy in the first degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

· Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of one count each of assault in the first degree (Penal Law § 120.10 [1]), rape in the first degree (§ 130.35 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]) and two counts of sodomy in the first degree (former § 130.50 [1]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by the admission in evidence of the testimony of a police officer confirming the victim's identification of defendant at the hospital (*see* CPL 470.05 [2]). In any event, defendant's contention lacks merit. The officer testified that defendant was brought to the hospital for a showup identification procedure and that, when the victim saw defendant, she identified him without being asked any questions. That identification by the victim was admissible under the excited utterance exception to the hearsay rule, i.e., it was "made under the stress of excitement caused by an external event, and not the product of studied reflection and possible fabrication" (*People v Johnson,* 1 NY3d 302, 306 [2003]). Contrary to defendant's further contentions, the evidence is legally sufficient to support the conviction of sodomy (*see generally People v Bleakley,* 69 NY2d 490, 495), and the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.