■ The People of the State of New York, Respondent, v N'Gina Cain, Appellant. [830 NYS2d 150]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered September 26, 2002, convicting defendant, after a jury trial, of attempted robbery in the first degree and two counts of attempted robbery in the second degree, and sentencing her to concurrent terms of six years, unanimously affirmed.

Defendant did not preserve her challenge to the sufficiency of the evidence, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the

verdict was supported by legally sufficient evidence. We also find that the verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The accomplice's testimony was fully corroborated (*see* CPL 60.22 [1]) by proof that was not limited to consciousness-of-guilt evidence, but also included a chain of circumstantial evidence concerning defendant's behavior during the crime, as well as her admissions to a police officer.

All of defendant's Confrontation Clause claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Although, as the People concede, the codefendants' plea allocutions were inadmissible (*see Crawford v Washington*, 541 US 36 [2004]), we find that the error was harmless beyond a reasonable doubt. The inadmissible evidence did not connect defendant with the crime, but only related to uncontested matters.

We perceive no basis for reducing the sentence.

Defendant's remaining arguments, including all of her remaining constitutional claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims we would find them without merit. Concur—Andrias, J.P., Friedman, Sullivan, Williams and Catterson, JJ.