◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOISEY BRISTO, Appellant. [830 NYS2d 898]—Judgment, Supreme Court, Bronx County (Thomas Farber, J.), rendered June 15, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Mazzarelli, J.P., Friedman, Buckley, Catterson and Malone, JJ.

◼ In the Matter of CARLITO T., a Person Alleged to be a Juvenile Delinquent, Appellant. [830 NYS2d 899]—Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered February 23, 2006, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of robbery in the second degree, petit larceny, criminal possession of stolen property in the fifth degree and attempted assault in the third degree, and placed him on probation for a period of 18 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence established that appellant was a participant in the crime and not a bystander. Concur—Mazzarelli, J.P., Friedman, Buckley, Catterson and Malone, JJ.