■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY LEWIS, Appellant. [835 NYS2d 794]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered December 23, 2003. The judgment convicted defendant, upon a jury verdict, of aggravated criminal contempt, criminal contempt in the first degree, criminal mischief in the third degree, criminal mischief in the fourth degree (two counts), criminal trespass in the second degree and stalking in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of various crimes arising out of incidents involving his ex-girlfriend, defendant contends that County Court erred in admitting a statement he made to the police on the ground that he was in custody and had not received *Miranda* warnings. Contrary to the contention of defendant, the record establishes that he was not in custody when he was questioned (*see generally People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). The statement was made in response to a question that was investigatory in nature and thus was not the product of custodial interrogation requiring *Miranda* warnings (*see generally Illinois v Perkins*, 496 US 292, 296 [1990]; *People v Paulman*, 5 NY3d 122, 129 [2005]). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence and the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Centra, Lunn and Peradotto, JJ.