The People of the State of New York, Respondent,
against
Alexander Zelaya, Appellant.




Scott Lockwood, for appellant.
Suffolk County District Attorney (Michael J. Brennan of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, First District (Richard T. Dunne, J.), rendered September 19, 2016. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated (per se), driving while intoxicated (common law), and speeding, respectively, and imposed sentences.




ORDERED that the judgments of conviction are reversed, on the law, and the matters are remitted to the District Court for a new trial. 
Defendant was charged in separate accusatory instruments with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), and speeding (Vehicle and Traffic Law § 1180 [b]), respectively. Defendant subsequently moved to suppress the chemical breath test evidence. The District Court determined, without conducting a hearing, that the results of the Intoxilyzer 9000 test that had been administered to defendant, which indicated a blood alcohol content of .18 per centum by weight, were admissible at trial. During voir dire, juror number two stated that she did not think she would want to sit as a juror in a trial where the defendant was charged with driving while intoxicated, due to her "husband and everything that went on with that." When the court denied defendant's challenge for cause to excuse that prospective juror, defense counsel exercised a peremptory challenge. Subsequently, defense counsel exhausted his peremptory challenges [*2]before the completion of jury selection (see CPL 270.20 [2]).
At the jury trial, Police Officer Alvarado testified that, while on patrol, he had observed defendant's vehicle traveling at 100 miles per hour in a 55 miles per hour zone, and the laser device he had used had confirmed that the vehicle was traveling at 98 miles per hour. He further testified that he was trained in estimating the speed of moving vehicles within plus or minus five miles per hour. After stopping the vehicle and approaching defendant, he observed that defendant's speech was slurred and that his eyes were glassy and bloodshot, and he detected the strong odor of an alcoholic beverage emanating from defendant's breath. Defendant stated that he had consumed beer at a party. After defendant was directed to exit the vehicle, an alco-sensor was administered to defendant which indicated the presence of alcohol. The officer testified that, thereafter, defendant had performed poorly on all three field sobriety tests administered to him, and that it was the officer's opinion that defendant was intoxicated. The officer further testified that the Intoxilyzer 9000 breath test had measured defendant's blood alcohol content at .18 per centum by weight. The People also produced a witness who provided the foundation testimony for the admission of the calibration and maintenance documents which established that the testing device had been functioning properly at the time it had been used. Following the trial, the jury found defendant guilty of all three charges. 
On appeal, defendant contends, among other things, that the judgments of conviction should be reversed on the ground that they were against the weight of the evidence. Defendant also contends that prospective juror number two had revealed a pronounced bias and did not provide an unequivocal assurance that she could nevertheless set that bias aside and render an impartial verdict on the evidence. Thus, she should have been excused for cause.
Upon the exercise of this court's factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 343, 348-349 [2007]), while according great deference to the jury's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find, contrary to defendant's contention, that the verdicts convicting defendant of driving while intoxicated (per se), driving while intoxicated (common law) and speeding were not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]). 
We agree with defendant's contention that prospective juror number two had expressed a pronounced bias in a case involving driving while intoxicated charges and that at no point did she provide an unequivocal assurance that she could set aside that bias and render an impartial verdict on the evidence. Further inquiry was needed and, in the absence of such inquiry, it was reversible error for the District Court to deny defendant's challenge for cause (see CPL 270.20 [1] [b]; People v Alvarez, 130 AD3d 1054 [2015]; People v Burdo, 256 AD2d 737 [1998]). Since defendant exercised his peremptory challenge to remove this prospective juror and exhausted his allotment of peremptory challenges prior to the completion of jury selection, the judgments convicting defendant of driving while intoxicated (per se), driving while intoxicated (common law) and speeding are reversed and the matters are remitted to the District Court for a new trial (see CPL 270.20 [2]; People v Alvarez, 130 AD3d at 1055).
In view of the foregoing, we need not pass upon any of the remaining contentions.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 21, 2019