People v Barry (2023 NY Slip Op 51415(U))

[*1]

People v Barry (Mohamed)

2023 NY Slip Op 51415(U)

Decided on December 21, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 21, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570489/19

The People of the State of New York, Respondent,
against
Mohamed Barry, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Steven J. Hornstein, J.), rendered April 11, 2019, after a nonjury trial, convicting him of two counts of attempted criminal contempt in the second degree, two counts of attempted endangering the welfare of a child, and two counts of harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven J. Hornstein, J.), rendered April 11, 2019, affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). There is no basis for disturbing the court's determinations concerning credibility and identification, including its rejection of defendant's alibi defense. The two victims credibly identified defendant as the individual who grabbed and threatened them on the street as they were on their way to school, and defendant's alibi defense was significantly impeached.
The court providently exercised its discretion in precluding defendant from calling witnesses to testify about a prior, August 28, 2014, incident with the victims' mother, Miriama Bah. Earlier in the trial, defendant had successfully opposed the People's Molineux application with respect to this incident, claiming that this was "not a domestic incident ... it's an ancillary incident that has little to do with what's going on in this case." Furthermore, the prospective witnesses were not present during any purported altercation between defendant and Bah. They only observed Bah holding onto defendant's shirt and/or saying that she wanted him arrested; they had no knowledge of what transpired beforehand. Thus, the probative value of the proposed testimony concerning the August 28th incident was outweighed by the risk of confusing the issues or inviting improper speculation (see People v Frazier, 125 AD3d 551 [2015], lv denied 25 NY3d 1072 [2015]). In any event, any error in this regard was harmless (see generally People v Crimmins, 36 NY2d 230 [1975]).
 Defendant's contention that his harassment convictions should be sealed is not properly before us on this appeal from the judgment of conviction and sentence (see CPL 450.10, 450.30; see generally People v Donald P., 246 AD2d 608 [1998]). Our disposition is without prejudice to [*2]defendant moving in criminal court for appropriate relief pursuant to CPL Article 160.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 21, 2023