Matter of Jose M.F. (Seneca County Presentment Agency) (2025 NY Slip Op 01734)

Matter of Jose M.F. (Seneca County Presentment Agency)

2025 NY Slip Op 01734

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, NOWAK, AND KEANE, JJ.

151 CAF 23-02051

[*1]IN THE MATTER OF JOSE M.F., RESPONDENT-APPELLANT. -
and
SENECA COUNTY PRESENTMENT AGENCY, PETITIONER-RESPONDENT. 

DEBORAH K. JESSEY, CLARENCE, FOR RESPONDENT-APPELLANT. 

 Appeal from an order of the Family Court, Seneca County (Barry L. Porsch, J.), entered October 27, 2023. The order, inter alia, adjudicated respondent to be a juvenile delinquent. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Respondent appeals from an order of disposition that, inter alia, placed him in the custody of the Office of Children and Family Services for a period of 18 months based on the determination, after a fact-finding hearing, that respondent committed an act that, if committed by an adult, would constitute the crime of making a terroristic threat (Penal Law § 490.20 [1]). We agree with respondent that the evidence is legally insufficient to establish the element of intent with respect to that crime (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
As relevant here, a person is guilty of making a terroristic threat when "with intent to intimidate or coerce a civilian population . . . [they] threaten[ ] to commit or cause to be committed a specified offense and thereby cause[ ] a reasonable expectation or fear of the imminent commission of such offense" (Penal Law § 490.20 [1]). Here, petitioner presented testimony that respondent sent private messages to another student in a different school district that respondent was planning to commit a mass shooting to end bullying in his school. There was no evidence that those threats were made to anyone other than the student or that respondent requested that the student relay the threats to others. "A private conversation between immature teenage friends, without more, does not establish the element of intent to intimidate a civilian population" (Matter of Brittany A., 47 Misc 3d 761, 765 [Fam Ct, Clinton County 2015]; cf. People v Allen, 66 Misc 3d 913, 916 [Orange County Ct 2020]; see generally § 490.20 [1]).
In light of our determination, we do not address respondent's remaining contentions.
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court