■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL GRISWOLD, Appellant. [747 NYS2d 872] —Appeal from a judgment of Onondaga County Court (Aloi, J.), entered September 28, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [2]) and conspiracy in the second degree (§ 105.15). He was sentenced to indeterminate terms of imprisonment on the murder and conspiracy counts, the longest of which is 25 years to life, and to a determinate term of imprisonment of 15 years on the weapon possession count. County Court directed that the terms imposed on the conspiracy and weapon possession counts shall run concurrently with respect to the murder count. Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Four witnesses testified at trial that they were with defendant and his brother during the evening before the murder and heard them planning the murder. In addition, they observed defendant's brother provide defendant with a gun with which to commit the

murder. Another witness testified that, earlier on the day of the murder, he had heard the victim and defendant arguing, and he observed defendant leaving the apartment seconds after shots were fired later that day. The aforementioned witnesses identified the defendant from the videotape of the apartment building's security camera, which confirmed defendant's presence on the premises at the time of the shooting. Thus, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see id.*). Given the violent and premeditated nature of the crime and defendant's lack of remorse therefor, we conclude that the sentence is not unduly harsh or severe. Present—Green, J.P., Hayes, Hurlbutt, Gorski and Lawton, JJ.