■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY W. BAILEY, Appellant. [757 NYS2d 413] —Appeal from a judgment of Wayne County Court (Sirkin, J.), entered February 6, 2002, convicting defendant after a jury trial of, inter alia, assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [4]) and assault in the third degree (§ 120.00 [1]). We reject defendant's contention that County Court erred in permitting the People to question the victim on redirect examination concerning prior incidents of domestic abuse. Defendant opened the door to such questioning by cross-examining the victim with respect to her prior altercations with defendant (*see People v Rojas,* 97 NY2d 32, 37-38 [2001]). Contrary to defendant's further contention, the court properly admitted photographs depicting the victim's injuries. The first two counts of the indictment included allegations that defendant had caused serious physical injury, and it therefore was proper to admit photographs to establish the extent of the victim's injuries (*see generally People v Pobliner,* 32 NY2d 356, 369-370 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]).

Defendant did not object after the court issued a curative instruction with respect to its justification charge and thus failed to preserve for our review his present contention concern-

ing that charge (*see* CPL 470.05 [2]). The verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]), and the sentence is neither unduly harsh nor severe. Present—Hurlbutt, J.P., Kehoe, Gorski, Lawton and Hayes, JJ.