■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER WASHINGTON, Appellant. [782 NYS2d 914]—Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered on or about May 13, 2002, which denied defendant's CPL 440.20 motion to set aside a sentence imposed pursuant to a judgment rendered October 15, 1997, unanimously affirmed.

Defendant's various claims concerning his sentencing are refuted by the record (see CPL 440.30 [4] [c], [d]; People v Scott, 251 AD2d 248 [1998]; People v Marcano, 199 AD2d 86 [1993]). Concur—Nardelli, J.P., Mazzarelli, Saxe, Ellerin and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN THORNTON, Appellant. [785 NYS2d 42]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered January 25, 2001, convicting defendant, after a nonjury trial, of endangering the welfare of a child, attempted sexual abuse in the second degree and public lewdness, and sentencing him to concurrent terms of 30 days concurrent with three years' probation, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning identification and credibility (see People v Bleakley, 69 NY2d 490, 495 [1987]). A surveillance videotape and other records relating to defendant's withdrawal of money from a bank under circumstances described by the victim provided strong corroboration for the victim's testimony. We have considered and rejected defendant's remaining arguments. Concur—Tom, J.P., Sullivan, Lerner, Gonzalez and Catterson, JJ.