■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD L. MORRIS, Appellant. [790 NYS2d 915]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 15, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the verdict is against the weight of the evidence. We reject defendant's contention based on, inter alia, evidence presented by the People at trial that defendant's fingerprint was found on a can inside the home (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We further reject defendant's contention that defense counsel was ineffective in failing to question a prospective juror concerning his possible bias against defendant. Supreme Court asked the prospective juror, a correction officer, whether his occupation would affect his ability to be fair and impartial, and the prospective juror responded, "Not at all." Defense counsel's failure to conduct further questioning of that prospective juror does not by itself constitute ineffective assistance of counsel. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.