■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY LANE, Appellant. [808 NYS2d 225]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered March 10, 2003, convicting defendant, after a

nonjury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490 [1987]). The evidence supported the conclusion that defendant acted with larcenous intent when he acquired two strangers' paychecks, deposited them into his account and quickly withdrew the funds (*see People v Meadows*, 199 NY 1, 7 [1910]). There is no basis for disturbing the court's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]), including its rejection of defendant's explanation for his conduct.

The court properly exercised its discretion when it preliminarily precluded testimony that defendant rejected subsequent offers made by his alleged accomplice to deposit additional checks. Defendant did not establish any connection between this evidence and his intent to commit larceny with respect to the checks that he did deposit. The court did not make a final ruling, but instead offered defendant an opportunity to lay a foundation for this evidence. However, defendant never took advantage of that offer. Inasmuch as defendant did not assert a constitutional right to introduce the excluded evidence, his constitutional argument is unpreserved (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Gonzalez*, 54 NY2d 729 [1981]; *see also Smith v Duncan*, 411 F3d 340, 348-349 [2d Cir 2005]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]). Concur—Buckley, P.J., Andrias, Friedman, Marlow and Gonzalez, JJ.