■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ESCALERA, Appellant. [810 NYS2d 898]—Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered March 3, 2004, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification and credibility. The victim made a reliable identification almost immediately after the crime.

We perceive no basis for reducing the sentence. Concur— Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS JACKSON, Appellant. [810 NYS2d 898]—Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 29, 2004, convicting defendant, after a jury trial, of robbery in the third degree, grand larceny in the fourth degree (two counts), assault in the third degree, reckless endangerment in the second degree and petit larceny, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, 2 to 4 years (two terms) and 1 year (three terms), respectively, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see *People v Gaimari,* 176 NY 84, 94 [1903]). The credible evidence established every element of each of the crimes of which defendant was convicted.

We perceive no basis for reducing the sentence. Defendant's claims regarding the sentencing proceeding do not warrant a remand for resentencing. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.