(May 4, 2006)

■ In the Matter of ANDREW R., a Person Alleged to be a Juvenile Delinquent, Appellant. [815 NYS2d 33]—

Order of disposition, Family Court, Bronx County (Harold J. Lynch, J.), entered on or about July 28, 2004, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of burglary in the third degree and criminal mischief in the fourth degree, and placed him on probation for a period of 18 months, modified, on the facts, to the

extent of vacating the finding as to the charge of criminal mischief in the fourth degree and dismissing that count of the petition, and otherwise affirmed, without costs.

The court's finding with respect to the third-degree burglary charge was based on legally sufficient evidence and was not against the weight of the evidence. At about 5:00 P.M. on Sunday, September 7, 2003, police officers responded to a report of a burglary in progress at a day care center that was closed on weekends. Although the door to the main entrance was locked, a window gate in the rear of the premises had been "bent up" and the window was open. After entering through the window, one of the officers saw a "young person" inside and ordered him not to move. That person, however, "disappeared" into an internal office; the window on the door to the office was "broken out." Upon entering the office, the officer saw another individual, appellant, emerging from underneath a desk. On the strength of this evidence and the testimony of the facility's director, Family Court did not err in finding that appellant had knowingly and unlawfully entered and remained in the building with the intent to commit a crime therein (see People v Barnes, 50 NY2d 375 [1980]).

By contrast, the evidence that appellant had committed acts which would constitute the crime of criminal mischief in the fourth degree was far less compelling. The evidence at the fact-finding hearing established only that the gate had been bent, the office window broken and the premises ransacked at some point after the director left in the evening on Friday, September 5, 2003. Moreover, the director testified that she discovered that CD players and tape recorders were missing when she arrived at the premises that Sunday after being notified of the break-in by the police. No evidence was adduced to the effect that appellant or the individual with him in the premises were in possession of the missing property. The only reasonable inference, accordingly, is that someone else had stolen the property. If so, the more reasonable inference from all the evidence is that the person or persons who stole the property were responsible for the damaged gate and broken window. For these reasons, and regardless of whether the evidence was legally sufficient, the finding that appellant committed acts constituting the crime of criminal mischief in the fourth degree was against the weight of the evidence.

The dissent argues that the finding that appellant committed acts which would constitute criminal mischief is not against the weight of the evidence, and relies principally if not exclusively on the voluntary disclosure form prepared by the presentment

agency. The dissent's reliance on the disclosure form is as curious as it is unpersuasive. The form is "in the record" only in the sense that it is part of the record on appeal. It certainly was not admitted into evidence at the fact-finding hearing, and thus is not "[e]vidence in the record." Obviously, guilt can be premised only on the evidence. Moreover, the statement by the other individual in the center, whose name apparently is Torres—he was not prosecuted with appellant—is irrelevant for another reason: the absence of any theory under which it would have been admissible against appellant even if it had been offered at the fact-finding hearing. Apart from both the nonevidentiary character of the disclosure form and the inadmissibility of the statement by Torres recorded therein, the inference the dissent draws from the statement rests on nothing more than speculation. After all, nothing in the statement suggests that the man who supposedly told appellant and Torres to go into the center and take property was anywhere near the center, let alone "wait[ing] outside," shortly before the police arrived. Nor does the dissent venture an explanation for why appellant and Torres would have gone back into the center after doing the bidding of this ostensible mastermind.*

Without explanation, the dissent characterizes our conclusion that the criminal mischief finding was against the weight of the evidence as "inconsistent" with our affirmance of the finding that appellant committed acts which would constitute the crime of third-degree burglary. To establish the burglary charge, however, the presentment agency was required to prove only that appellant entered or remained unlawfully in the center "with intent to commit a crime therein" (Penal Law § 140.20); it was not required to prove that he in fact committed therein criminal mischief or any other specific crime. As appellant conceded below, the evidence established that he had entered and remained unlawfully in the center. From all the evidence, including the testimony that appellant had been underneath a desk when the police entered the interior office, the only reasonable conclusion is that the presentment agency established that appellant intended to commit the crime of larceny in the center (*People v Barnes*, 50 NY2d at 381). Accordingly, the pre-

---

* In addition, the inference the dissent draws is undermined by other evidence adduced at the hearing. The center's director testified on cross-examination that she did not know when the center had been broken into and then added, without any objection from the presentment agency, "The officers said on Saturday." Indeed, although we need not give much weight to this hearsay, it provides additional support for the inference we draw from the undisputed fact that neither appellant nor Torres were in possession of the missing property.

sentment agency's failure to meet its burden with respect to the criminal mischief charge does not and cannot affect either the sufficiency or the weight of the evidence on the burglary charge.

In the absence of any indication in the record that the period of probation has not expired, we perceive no reason to remand the matter for another dispositional hearing; moreover, the disposition of 18 months on probation is appropriate for the finding with respect to the charge of burglary in the third degree. Concur—Marlow, Sullivan and McGuire, JJ.

Buckley, P.J., and Catterson, J., dissent in part in a memorandum by Catterson, J., as follows: Because I believe the majority errs in setting aside the finding of criminal mischief in the fourth degree as against the weight of the evidence, I respectfully dissent.

In order to make such determination as to the weight of evidence pursuant to CPL 470.15 (5), the Court of Appeals has held that if based on all the credible evidence "a different finding would not have been unreasonable" then the appellate court must "weigh . . . the relative strength of conflicting inferences." (*People v Bleakley*, 69 NY2d 490, 495 [1987].)

In so doing, the majority arrives at the conclusion that the "only reasonable inference" that accounts for the fact that neither appellant nor Torres were in possession of the missing CD players and tape recorders is that someone else stole the property. Thus, the majority observes that "the more reasonable inference . . . is that the [same] person . . . [was] responsible for the damaged gate and broken window."

I disagree since by "someone else" the majority obviously means a perpetrator acting independently of the appellant and Torres. That inference is not the only reasonable inference. It is not even the most reasonable inference, and it is inconsistent with the majority's affirmance on the third-degree burglary charge.

Evidence in the record, in the voluntary disclosure of the presentment agency states that Torres "in sum and substance" admitted that "they [Torres and appellant] were told to go into the center and take stuff for a man." Thus, a more reasonable inference is that a third party acted in concert with appellant and Torres and waited outside the center for appellant and Torres to hand over the CD players and tape recorders, subsequently escaping the premises with the missing property before the police arrived.

None of the testimony or evidence in this case is inconsistent with such a scenario. Moreover, it is the only inference that is

consistent with the majority's finding of legal sufficiency and weight of the evidence as to the third-degree burglary charge since the circumstantial evidence that supported all the elements of that charge was the damage caused by appellant to the window gate and plexiglas window in the center.

Accordingly, I believe that the disposition of the Family Court should be affirmed in its entirety.