# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

35

KA 09-01788

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

BRYAN COLON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Sara S. Sperrazza, A.J.), rendered May 13, 2009. The judgment convicted defendant, upon a nonjury verdict, of escape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the indictment is dismissed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him following a bench trial of escape in the first degree (Penal Law § 205.15 [2]), defendant contends that the conviction is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We agree, and we therefore reverse the judgment.

Defendant's parole officer reported to a senior parole officer that defendant had violated the conditions of his parole. Upon learning of the alleged violations, the senior parole officer instructed defendant's parole officer to take defendant into custody when he arrived at the parole office. No warrant for defendant's arrest was issued at that time. Later that day, defendant was arrested and shackled when he arrived at the parole office. The senior parole officer finished processing the necessary forms to obtain a warrant after defendant was taken into custody. Several minutes after he was arrested, defendant escaped from the parole office in shackles and was later recaptured.

At trial, the People contended that parole officers had authority pursuant to the Executive Law to issue "verbal warrants" and that defendant was lawfully taken into custody at the time of his arrest. The People further contended that the written warrant was signed before defendant escaped from the parole office. We conclude that

Supreme Court erred in determining that defendant was lawfully detained based on the senior parole officer's verbal authorization and that the warrant issued after he was taken into custody but before his escape was sufficient for a valid arrest.

In *People v Bratton* (8 NY3d 637, 641-642), the Court of Appeals concluded that, pursuant to Executive Law § 259-i (3) (a) (i) and 9 NYCRR 8004.2, a parole officer is *required* to obtain a warrant before arresting a parolee for an alleged parole violation.  The Court further noted that there is currently no statutory exception to that warrant requirement (*Bratton*, 8 NY3d at 643), although a parole officer may effect a warrantless arrest if the alleged parole violation constituted an " '[o]ffense' " pursuant to Penal Law § 10.00 (1) and was committed in his or her presence (*Bratton*, 8 NY3d at 643; *see* CPL 140.25).  The Court reversed defendant's conviction for resisting arrest (Penal Law § 205.30), concluding that defendant's arrest was not "authorized" because it was made without a warrant in violation of Executive Law § 259-i (3) (a) (i) and 9 NYCRR 8004.2 (*Bratton*, 8 NY3d at 641-644).

Applying *Bratton* to the facts of this case, we conclude that the evidence is legally insufficient to support the conviction of escape in the first degree.  Pursuant to Penal Law § 205.15 (2), "[a] person is guilty of escape in the first degree when . . . [h]aving been arrested for, charged with or convicted of a class A or class B felony, he [or she] escapes from custody . . . ."  A person is in "[c]ustody" when he or she is restrained "by a public servant pursuant to an *authorized* arrest" (§ 205.00 [2] [emphasis added]).  Inasmuch as defendant's arrest for a parole violation was not made pursuant to a warrant, it was not authorized (*see Bratton*, 8 NY3d at 642-643), and thus defendant was not in "[c]ustody" pursuant to Penal Law § 205.00 (2).  Even assuming, arguendo, that the warrant was signed and issued after defendant's arrest but before his escape, we conclude that such warrant did not render the arrest valid (*see Bratton*, 8 NY3d at 642-643).

In light of our determination, we need not address defendant's remaining contentions.

Entered:  February 10, 2011                         Patricia L. Morgan
                                                    Clerk of the Court