■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WASHINGTON, Appellant. [859 NYS2d 845]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered August 9, 2006. The judgment convicted defendant, upon a jury verdict, of forgery in the second degree, petit larceny, and false personation.

It is hereby ordered that the judgment so appealed from is modified on the law by reversing that part convicting defendant of forgery in the second degree and dismissing count one of the indictment and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of forgery in the second degree (*see* Penal Law § 170.10 [2]), petit larceny (§ 155.25), and false personation (*see* § 190.23). We agree with defendant that the evidence presented at trial with respect to the forgery charge is legally insufficient to support the conviction (*see People v Bleakley*, 69 NY2d 490, 495 [1987]) and, indeed, that the evidence presented to the grand jury likewise was legally insufficient (*see People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Pelchat*, 62 NY2d 97, 105 [1984]; *cf.* CPL 210.30 [6]). We therefore modify the judgment accordingly. The basis for the forgery charge was the uncontroverted fact that defendant ascribed a false name to a property log at the police station setting forth the personal property taken from him upon his arrest. The name ascribed to

the property log was the name orally given by defendant to the police at the time of his arrest.

Pursuant to Penal Law § 170.10 (2), "[a] person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he [or she] falsely makes, completes or alters a *written instrument* which is or purports to be, or which is calculated to become or to represent if completed . . . [a] public record, or an instrument filed or required or authorized by law to be filed in or with a public office or public servant" (emphasis added). The term written instrument is defined as "any instrument or article . . . containing written or printed matter or the equivalent thereof, used for the purpose of reciting, embodying, conveying or recording information, or constituting a symbol or evidence of value, right, privilege or identification, *which is capable of being used to the advantage or disadvantage of some person*" (§ 170.00 [1] [emphasis added]).

We note that it has been held that "[a] fingerprint card, signed with another person's name, . . . comes within the purview of a 'written instrument' for forgery purposes because it can be used to the advantage or disadvantage of someone" (*People v Kirk*, 115 AD2d 758, 758 [1985], *affd* 68 NY2d 722 [1986]; *see also People v Reeves*, 266 AD2d 906 [1999], *lv denied* 94 NY2d 883 [2000]). As the Second Department explained in *Kirk*, "a criminal suspect gains a very real advantage when he [or she] signs the name of another to [a fingerprint] card, because [the suspect] is thereby able to at least temporarily hide from the authorities his [or her] prior criminal history and . . . true identity. As other courts have noted, a false signature could reasonably lead the authorities to conclude that a suspect has no past criminal record and, as a consequence, [the suspect] might be released on his [or her] own recognizance or upon very low bail . . . Moreover, a suspect with no criminal history who falsely signs a fingerprint card might gain the advantage of having his [or her] prints recorded in the name of the other person, thus hampering his [or her] identification by the police in future investigations based solely upon the presence of [the suspect's] fingerprints at the scene of the crime" (*id.* at 758-759).

The issue presented herein is whether signing a property log, used by the police to make a record of the personal property confiscated from a suspect for the sole purpose of ensuring that the same property is returned to that suspect when he or she leaves the police station, is analogous to signing a fingerprint card. We conclude that the two are not analogous. A property log is essentially the equivalent of a property receipt and, unlike a signature card, it is not used for the purpose of establishing

identity. Indeed, the record establishes that the police searched the computer system for individuals with defendant's physical characteristics and the surname orally given by defendant to the police at the time of his arrest in order to discover defendant's identity, thereby establishing defendant's commission of the crime of false personation, and they did not rely on defendant's signature on the property log as part of the identification process. We thus conclude that a police station property log is not a written instrument within the meaning of Penal Law § 170.00 (1) and thus that the evidence is legally insufficient both with respect to the evidence at trial and the sufficiency of the evidence before the grand jury.

We have reviewed defendant's remaining contentions and conclude that they are without merit.

All concur except Lunn, J., who dissents in part and votes to affirm in the following memorandum.

Lunn, J. (dissenting in part). I respectfully dissent in part and would affirm because I cannot agree with the majority that the evidence is legally insufficient to support the conviction of forgery in the second degree (Penal Law § 170.10 [2]) or, indeed, that the evidence presented to the grand jury likewise was insufficient to support that count. Contrary to the view of the majority, the analysis of this issue does not turn on whether signing a property log to make a record of personal property confiscated from a suspect by the police is analogous to signing a fingerprint card. Rather, the analysis of this issue turns on whether a property log is an "instrument or article . . . containing written or printed matter or the equivalent thereof, used for the purpose of reciting, embodying, conveying or recording information, or constituting a symbol or evidence of value, right, privilege or identification, *which is capable of being used to the advantage or disadvantage of some person*" (§ 170.00 [1] [emphasis added]). In concluding that a property log is not a written instrument within the meaning of Penal Law § 170.00 (1), the majority implicitly determined that a property log was not capable of being used to the advantage or disadvantage of defendant.

Although the majority correctly acknowledges that a property log is used to ensure that the property of a suspect is returned to the suspect when he or she leaves the police station, the record on appeal belies the majority's conclusion that the property log was not used for the purpose of establishing defendant's identity. The police officer who arrested defendant testified that a suspect may gain an advantage by providing a false name on a property log because the suspect may thereby conceal his or her true identity. Indeed, the record establishes that the police

initially used the complete name, i.e., the first name and the surname, signed by defendant in the property log to search the computer identification system. It was only after that search was unsuccessful that the police learned defendant's true identity by performing a second search using defendant's physical characteristics and only the surname signed by defendant in the property log. Had defendant used an alias on the property log that did not include his actual surname, it is likely that the second computer search would have been as unsuccessful as the first. Although there are methods of identification other than computer database searches, such as fingerprint analysis, the police officer who arrested defendant testified that those methods may take as long as eight hours to complete and, in this case, the police did not receive the report generated from defendant's fingerprints until the morning following defendant's arrest. Therefore, defendant was "able to at least temporarily hide from the authorities his prior criminal history[, which included an outstanding arrest warrant,] and his true identity" (*People v Kirk*, 115 AD2d 758, 759 [1985], *affd* 68 NY2d 722 [1986]). As is true with a false signature on a fingerprint card, a false signature on a property log "could reasonably lead the authorities to conclude that a suspect has no past criminal record and, as a consequence, [the suspect] might be released on his [or her] own recognizance or upon very low bail" (*id.*). Because in my view the property log is a written instrument within the meaning of Penal Law § 170.00 (1), I conclude that the evidence presented at trial with respect to the forgery charge is legally sufficient to support the conviction of that charge. Present—Martoche, J.P., Centra, Lunn, Fahey and Gorski, JJ.