# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

607

KA 11-00677

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

EVERETT C. MCINTOSH, II, DEFENDANT-APPELLANT.

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered October 28, 2010. The judgment convicted defendant, upon a nonjury verdict, of attempted robbery in the second degree and attempted grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a bench trial of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [3]) and attempted grand larceny in the third degree (§§ 110.00, 155.35 [1]), defendant contends that the verdict is against the weight of the evidence in two respects, i.e., that defendant was attempting to exercise control of the victims' vehicle in a manner inconsistent with their ownership rights, and that he used force in an attempt to retain control of the property. We reject defendant's contention and conclude that the verdict is supported by the weight of the evidence in both of those respects (*see generally People v Bleakley*, 69 NY2d 490, 495).

By failing to object to County Court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention that the ruling constitutes an abuse of discretion (*see People v Walker*, 66 AD3d 1331, *lv denied* 13 NY3d 942). In any event, "the proof of defendant's guilt is overwhelming, and there is no significant probability that the [court] would have acquitted defendant had it not been for the [alleged] error. Thus, the [alleged] error is harmless" (*People v Arnold*, 298 AD2d 895, 896, *lv denied* 99 NY2d 580; *see generally People v Grant*, 7 NY3d 421, 423-425).

Contrary to defendant's further contention, he was not denied effective assistance of counsel by defense counsel's failure to raise

an intoxication defense, "inasmuch as there was 'a paucity of evidence that defendant exhibited significant signs of intoxication or that his mental state was affected by alcohol' " (*People v Murphy*, 68 AD3d 1730, 1731, *lv denied* 14 NY3d 843).  Finally, the sentence is not unduly harsh or severe.

Entered:  June 8, 2012                        Frances E. Cafarell
                                              Clerk of the Court