Fahey, J.
(concurring). I respectfully concur in the result reached by the majority, namely, the dismissal of the appeal from the judgment insofar as it imposed sentence on the conviction of criminal possession of a weapon in the third degree and the affirmance of the judgment. I write separately, however, to express my concerns with the prosecutor’s mischaracterization on summation of the DNA evidence linking defendant to the weapon. Those concerns were fully addressed in another case recently before this Court involving a similar issue (see People v *1580 Wright, 115 AD3d 1257, 1258-1263 [2014] [Fahey and Carni, JJ., dissenting], lv granted 22 NY3d 1204 [2014]). In the present case, the People’s forensic expert testified in relevant part that her analysis established only that the DNA recovered from the weapon came from at least four individuals, and that defendant could not be excluded as a contributor to the DNA. In other words, the evidence placed defendant in a class of people that could have contributed to the DNA (see id. at 1262). The prosecutor nevertheless argued on summation that the DNA analysis established defendant as the DNA’s contributor and that he therefore had possessed the weapon at issue. In my view, the prosecutor’s mischaracterization of “evidence of class as evidence of exactitude” was improper (id.). I concur in the present case because, unlike Wright, the verdict is justified by evidence other than the results of DNA testing, and my review of the evidence establishes that Supreme Court, as the trier of fact, would have reached the same result absent the prosecutor’s misconduct (cf. People v Mott, 94 AD2d 415, 419 [1983]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Present— Centra, J.P, Fahey, Whalen and DeJoseph, JJ.