People v Kuzdzal (2018 NY Slip Op 05099)





People v Kuzdzal


2018 NY Slip Op 05099


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND TROUTMAN, JJ.


735/16 KA 15-00027

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW KUZDZAL, DEFENDANT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 28, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and predatory sexual assault against a child. The judgment was reversed by order of this Court entered November 18, 2016 in a memorandum decision (144 AD3d 1618), and the People of the State of New York on February 16, 2017 were granted leave to appeal to the Court of Appeals from the order of this Court (28 NY3d 1190), and the Court of Appeals on May 8, 2018 reversed the order and remitted the case to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (— NY3d — [May 8, 2018]), 
Now, upon remittitur from the Court of Appeals, and having considered the facts and issues raised but not determined on the appeal to this Court,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v Kuzdzal, — NY3d &mdash, 2018 NY Slip Op 03304 [2018], revg 144 AD3d 1618 [4th Dept 2016]). When this case was initially before us, we reversed the judgment convicting defendant upon a jury verdict of murder in the second degree for the depraved indifference killing of a person less than 11 years old (Penal Law
§ 125.25 [4]), and predatory sexual assault against a child
(§ 130.96), and we granted a new trial upon determining that Supreme Court did not properly investigate allegations of juror bias. A majority of this Court concluded that "the jurors' alleged reference to defendant as a scumbag' indicated the possibility of juror bias, and thus that the court should have granted defendant's request to make an inquiry of the jurors" (Kuzdzal, 144 AD3d at 1621). Two justices dissented, concluding that there was no need for an inquiry pursuant to People v Buford (69 NY2d 290 [1987]) because "the court, by stating that it was basing its ruling on what it had heard, determined that the spectator's testimony was not sufficiently credible to warrant disrupting the normal trial procedure or further inquiring into the actions of the two jurors in question" (Kuzdzal, 144 AD3d at 1624).
On appeal, the Court of Appeals concluded that the trial court, "based on the lack of credibility of the interested spectator[,] . . . made an implied determination that the spectator was unworthy of belief in direct and immediate response to the prosecutor's request that the court rule as to whether it found the spectator's description credible' before proceeding to the Buford inquiry" (Kuzdzal, — NY3d at &mdash, 2018 NY Slip Op 03304 at *3). The Court of Appeals reversed our order and "remit[ted] the case to [this] Court to exercise [our] own fact-finding power to consider and determine whether the trial court's finding as to the spectator's credibility was supported by the weight of the evidence" (id. at &mdash, 2018 NY Slip Op 03304 at *1). We now affirm.
Upon exercising our factual review power, we conclude that the weight of the evidence supports the court's implicit factual determination that the spectator was not credible. Initially, we note that the better practice would have been for the court, when making its determination, to make specific factual findings regarding whether and why it found the spectator not credible, and to set forth its determination and the reasons for it. Nevertheless, in view of the evidence regarding the spectator's credibility, including the internal inconsistencies in her testimony as well as the differences between her description of the sequence of events and the court's record of the proceedings, and after according the requisite "[g]reat deference . . . to the fact[]finder's opportunity to view the witness[ ], hear the testimony and observe demeanor" (People v Bleakley, 69 NY2d 490, 495 [1987]), we conclude that the weight of the evidence supports the court's credibility determination. Consequently, the court "was justified in finding the spectator incredible and therefore determining [that] the Buford inquiry was not required" (Kuzdzal, — NY3d at &mdash, 2018 NY Slip Op 03304 at *4).
Finally, upon remittitur, we have considered defendant's challenge to the severity of the sentence, and we conclude that the sentence is not unduly harsh or severe.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court